# UNITED STATES *v.* JAHN.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 541. Argued and submitted October 23, 1894. — Decided November 5, 1894.

A Circuit Court of the United States has jurisdiction to hear and determine, on appeal from the Board of General Appraisers, the questions of law and of fact involved in a decision of that Board sustaining the action of a collector of customs in exacting a charge for gauging molasses under the provisions of Rev. Stat. § 3023.

Giving to the act of March 3, 1891, 26 Stat. 826, c. 517, to establish Circuit Courts of Appeals, taken as a whole, a reasonable construction, it is *held :*

(1) That if the jurisdiction of the Circuit Court is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to this court;

(2) That if the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff who has maintained the jurisdiction, must appeal to the Circuit Court of Appeals, where, if the question of jurisdiction arises, the Circuit Court of Appeals may certify it;

(3) That if the question of jurisdiction is in issue, and the jurisdiction sustained, and judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified and come directly to this court, or to carry the whole case to the Circuit Court of Appeals, and the question of jurisdiction can be certified by that court;

(4) That if in the case last supposed the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the Circuit Court of Appeals on the merits, and this he may do by way of cross-appeal or writ of error if the defendant has taken the case there, or independently, if the defendant has carried the case to this court on the question of jurisdiction alone, and in this instance the Circuit Court of Appeals will suspend a decision upon the merits until the question of jurisdiction has been determined;

(5) That the same observations are applicable where a plaintiff objects to the jurisdiction and is, or both parties are, dissatisfied with the judgment on the merits.

The docket title of this case being wrong, it is corrected by this court.

August 15, 1890, G. A. Jahn & Co. imported into New York some casks of molasses, which on the 28th of that month they withdrew from warehouse and exported to Montreal for the benefit of the drawback. Upon such withdrawal and exportation, the collector of customs at New York exacted a charge of ten cents per cask for gauging the molasses under the provisions of section 3023 of the Revised Statutes. The importers protested against the charge for gauging, claiming that it had been abolished by the 22d section of the act entitled " An act to simplify the laws in relation to the collection of the revenue," approved June 10, 1890. 26 Stat. 131, 140, c. 407.

The matter was duly taken before the board of general appraisers, which sustained the action of the collector, and the importers appealed to the Circuit Court of the United States for the Southern District of New York. The Circuit Court reversed the decision of the board of general appraisers, and held that the gauging charge exacted by the collector had been abolished. Thereupon the United States appealed to the Circuit Court of Appeals, and assigned for error that the Circuit Court erred in reversing the decision of the board of general appraisers for the reason that the decision of the board was final and conclusive, and that the Circuit Court had no jurisdiction to make any decree or order in said proceeding. The jurisdiction of the Circuit Court was first challenged upon the appeal. The Circuit Court of Appeals certified to this court the question : " Whether the United States Circuit Court had jurisdiction to hear and determine the questions of law and of fact involved in said decision of the board of general appraisers."

*Mr. Solicitor General* for the United States, submitted on his brief.

*Mr. Edwin B. Smith* for Jahn & Co.

Mr. CHIEF JUSTICE FULLER delivered the opinion of the court.

This case was docketed here under the title : " In the

matter of the application of Gustave A. Jahn & Co. upon certain merchandise entered by the 'Alps,' August 15, 1890," but the correct title is *United States* v. *Gustave A. Jahn et al.,* for the reasons given by Mr. Justice Gray in *United States* v. *Hopewell,* 5 U. S. App. 137.

Counsel for the importers denies that the Circuit Court of Appeals had authority to certify the question of the jurisdiction of the Circuit Court to this court because that question was not in issue in the Circuit Court or raised in any way; and, if it had been in issue, it could only be certified by the Circuit Court to this court; that as it was not put in issue and not certified, and an appeal was taken to the Circuit Court of Appeals, the action of the Circuit Court in proceeding to judgment was a final determination in favor of its own jurisdiction, which could not be revised by the Circuit Court of Appeals though under instruction from this court.

The act of March 3, 1891, 26 Stat. 826, c. 517, establishing the Circuit Courts of Appeals, provides in its fourth section that "the review, by appeal, by writ of error, or otherwise, from the existing Circuit Courts shall be had only in the Supreme Court of the United States or in the Circuit Courts of Appeals hereby established according to the provisions of this act regulating the same;" in section five, that "appeals or writs of error may be taken from . . . the existing Circuit Courts direct to the Supreme Court . . . in any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision;" in section six, that the Circuit Courts of Appeals "shall exercise appellate jurisdiction to review by appeal or by writ of error final decision in the . . . existing Circuit Courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law, and the judgments or decrees of the Circuit Courts of Appeals shall be final . . . in all cases . . . arising . . . under the revenue laws . . . excepting that in every such subject within its appellate jurisdiction the Circuit Court of Appeals at any time may certify to the Supreme Court of the

United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision, and thereupon the Supreme Court may either give its instruction on the questions and propositions certified to it which shall be binding upon the Circuit Courts of Appeals in such case, or it may require that the whole record and cause may be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal." And excepting also that the Supreme Court, in the absence of request for instruction, might, by *certiorari* or other-.wise, require any such case to be certified to it for review.

It thus appears that the revisory power of this court, and of the Circuit Courts of Appeals, under the act, is to be exercised only in accordance with its provisions, and that the Circuit Courts of Appeals exercise appellate jurisdiction under the sixth section in all cases other than those in which the jurisdiction of this court is exercised under the fifth, among which cases are included all revenue cases, that is, cases under laws imposing duties or imports or tonnage, or providing in terms for revenue, (*United States* v. *Hill*, 123 U. S. 681,) which can only come here on the merits on certificate or *certiorari;* yet if in such a case a final judgment were rendered because of want of jurisdiction, that judgment could be reviewed by this court upon a certificate of the Circuit Court, while if jurisdiction were sustained and the merits adjudicated, although the question of jurisdiction might be brought up directly, the Cir-.cuit Court of Appeals would undoubtedly have jurisdiction to review the case upon the merits. The provision that any case in which the question of jurisdiction is in issue may be taken directly to this court, necessarily extends to other cases than those in which the final judgment rests on the ground of want of jurisdiction, for in them that would be the sole question, and the certificate, though requisite to our jurisdiction under the statute, would not be in itself essential, however valuable in the interest of brevity of record. But in such other cases, the requirement that the question of jurisdiction alone should be certified for decision was intended to operate as a limitation

upon the jurisdiction of this court of the entire case and of all questions involved in it, a jurisdiction which can be exercised in any other class of cases taken directly to this court under section five. *Horner* v. *United States*, 143 U. S. 570, 577. The act certainly did not contemplate two appeals or writs of error at the same time by the same party to two different courts, nor does it seem to us that it was intended to compel a waiver of the objection to the jurisdiction altogether or of the consideration of the merits. By taking a case directly to this court on the question of jurisdiction, the contention on the merits would be waived, but it does not follow that the jurisdictional question could not be considered, if the case were taken to the Circuit Court of Appeals. The act was passed to facilitate the prompt disposition of cases in this court and to relieve it from the oppressive burden of general litigation, but the rights of review by appeal or writ of error, and of invoking the supervisory jurisdiction of this tribunal, were sought to be amply secured and should not be circumscribed by too narrow a construction.

If in the case at bar the question of jurisdiction had been raised by the United States in the Circuit Court and the jurisdiction sustained, and the decision on the merits had then been rendered against the government, would the United States have been compelled to waive their contention on the merits and have the question of jurisdiction certified to this court, or would they have waived the question of jurisdiction by taking the case to the Circuit Court of Appeals? We do not think the act involves such a dilemma; but, on the contrary, are of opinion that the government would have had the right to carry the cause to the Court of Appeals, which could have then certified the question of jurisdiction to this court for determination. Of course, the power to certify assumes the power to decide; but if decided there, by *certiorari*, when necessary, the same review could be obtained here as on certificate for instruction. And although the question of jurisdiction was not put in issue in the Circuit Court, still, as the objection in the Circuit Court of Appeals went to jurisdiction over the subject-matter, no omission in that regard could

supply absolute want of power, and the Circuit Court of Appeals was bound to take notice of the question.

It is conceded that the United States assigned errors on the merits as well as the error under consideration, and as the question of jurisdiction lay at the threshold, and the intent of the act of March 3, 1891, was that that question should be determined by this court, the Circuit Court of Appeals properly suspended any consideration of the case upon the merits until that question could be determined upon certificate. This was in accordance with the early case of *McLish* v. *Roff*, 141 U. S. 661, in which it was held that the writ of error or appeal could be taken only after final judgment, except in the cases specified in section seven of the act, and Mr. Justice Lamar, delivering the opinion, said: "When that judgment is rendered, the party against whom it is rendered must elect whether he will take his writ of error or appeal to the Supreme Court upon the question of jurisdiction alone, or to the Circuit Court of Appeals upon the whole case; if the latter, then the Circuit Court of Appeals may, if it deem proper, certify the question of jurisdiction to this court." The same course was pursued in *New Orleans* v. *Benjamin*, 153 U. S. 411. The case was one in which the question of jurisdiction was raised in the Circuit Court, the jurisdiction maintained, and judgment rendered on the merits. The defendant did not ask that the question of jurisdiction be certified to this court by the Circuit Court, but carried the whole case to the Circuit Court of Appeals; and that court certified to us the questions involving the jurisdiction, which were accordingly answered.

Giving the act a reasonable construction, taken as a whole, we conclude: (1) If the jurisdiction of the Circuit Court is in issue and decided in favor of the defendant, as that disposes of the case, the plaintiff should have the question certified and take his appeal or writ of error directly to this court; (2) If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the Circuit Court of

Appeals, where, if the question of jurisdiction arises, the Circuit Court of Appeals may certify it; (3) If the question of jurisdiction is in issue, and the jurisdiction sustained, and judgment on the merits is rendered in favor of the plaintiff, then the defendant can elect either to have the question certified and come directly to this court, or to carry the whole case to the Circuit Court of Appeals, and the question of jurisdiction can be certified by that court; (4) If in the case last supposed the plaintiff has ground of complaint in respect of the judgment he has recovered, he may also carry the case to the Circuit Court of Appeals on the merits, and this he may do by way of cross-appeal or writ of error if the defendant has taken the case there, or independently, if the defendant has carried the case to this court on the question of jurisdiction alone, and in this instance the Circuit Court of Appeals will suspend a decision upon the merits until the question of jurisdiction has been determined; (5) The same observations are applicable where a plaintiff objects to the jurisdiction and is, or both parties are, dissatisfied with the judgment on the merits.

*Glaspell's case* illustrates this situation, though arising under somewhat different circumstances.   Glaspell brought an action in the District Court of Stutsman County, in the then Territory of Dakota, against the Northern Pacific Railroad Company, and recovered a verdict of $12,545.43.   After the State of North Dakota was admitted into the Union, including Stutsman County, the defendant petitioned for the removal of the case into the Circuit Court of the United States for the District of North Dakota, and it was removed accordingly. Glaspell moved to remand, which motion was denied.   The Circuit Court then granted a new trial and the case was retried in that court, Glaspell insisting throughout upon his objection to the jurisdiction, and it resulted in a verdict for the plaintiff of $1120, upon which judgment was entered with costs.   From that judgment Glaspell prosecuted a writ of error on the 16th day of June, 1891, from this court upon the question of jurisdiction.   While his writ of error was pending, July 30, 1891, the defendant, upon alleging errors occurring upon the trial

on the merits, sued out a writ of error from the Circuit Court of Appeals for the Eighth Circuit and Glaspell filed in that court a motion to dismiss the writ of error on the ground that the court was without jurisdiction for the reason that the action was pending on the writ of error from this court, which was duly issued and served before the writ from the Circuit Court of Appeals was allowed. But the motion to dismiss was overruled, and the cause continued awaiting our decision upon the question of jurisdiction. *Northern Pacific Railroad* v. *Glaspell,* 4 U. S. App. 238.

This court subsequently held that the Circuit Court for the District of North Dakota had no jurisdiction, and reversed the judgment, and remanded the case with directions to remand it to the state court. *Glaspell* v. *Northern Pacific Railroad,* 144 U. S. 211.

In *Carey* v. *Houston & Texas Railway,* 150 U. S. 170, it appeared that two appeals had been prayed from the decree by the losing party, one to this court and one to the Circuit Court of Appeals for the Fifth Circuit, which appeals had been severally allowed and duly perfected, but, as we held, for reasons therein given, that we had no jurisdiction, the circumstance became unimportant.

In *Northern Pacific Railroad* v. *Amato,* 144 U. S. 465, a suit was brought in the Supreme Court of New York against a railroad corporation created by an act of Congress, to recover damages for personal injuries sustained by the plaintiff from the negligence of the defendant, and was removed by the defendant into the Circuit Court of the United States, where a trial was had, which resulted in a verdict and judgment for the plaintiff. The defendant took a writ of error from the Circuit Court of Appeals for the Second Circuit, which affirmed the judgment. On a writ of error taken by the defendant from this court to the Circuit Court of Appeals, a motion was made by the plaintiff to dismiss or affirm; and it was ruled, among other things, that as it did not appear by the record that on the trial in the Circuit Court the defendant made any objection to the jurisdiction of that court, and the petition for removal recognized the jurisdiction, the plaintiff could not be

.heard to assert, as a ground for the motion to dismiss, that the defendant might have taken a writ of error from this court to the Circuit Court under section five of the said act of 1891, and had, by failing to do so, waived this right.

We are of opinion that the Circuit Court of Appeals was in the proper exercise of jurisdiction in certifying the question which it did, and that our jurisdiction to answer it is properly invoked.

The decision in *United States* v. *Klingenberg*, 153 U. S. 93, covers the case and requires

*The question certified to be answered in the affirmative, and it is so ordered.*