UNITED STATES v. LEE YEN TAI et al.

(Circuit Court of Appeals, Second Circuit. May 9, 1901.)

APPEAL—HEARING IN APPELLATE COURT—PROCEDURE.

On appeal from an order in habeas corpus proceedings discharging the petitioner, but requiring him to give bail for his appearance, as may be determined by any final order made on appeal, the portion of the order admitting appellee to bail will not be taken up for consideration on a motion in advance of the regular hearing, unless there are special reasons therefor.

Appeal from the District Court of the United States for the Southern District of New York.

This is a motion to vacate and set aside the order of the United States district judge, admitting the above-named Lee Yen Tai to bail.

Geo. B. Curtiss, U. S. Atty., for the motion.
Max J. Kohler, opposed.

Before LACOMBE and SHIPMAN, Circuit Judges, and WHEELER, District Judge.

PER CURIAM. On November 16, 1900, Lee Yen Tai, a Chinese laborer, was tried before a United States commissioner for the Northern district of New York, and found guilty of being unlawfully within the United States, in violation of the Chinese exclusion laws, and an order of deportation made by said commissioner, and placed in the hands of the United States marshal of that district for execution. The said marshal, in execution of said order, brought the Chinaman within the Southern district of New York, whereupon a writ of habeas corpus was issued by the district judge of said district upon the ground of lack of jurisdiction in the commissioner to make the order of deportation. Return was duly made, argument had, and on December 27, 1900, the district judge, having reached the conclusion that the point was well taken, made the following order:

"Ordered, that the prisoner be discharged, said discharge to be conditioned upon the giving of $300 bail by defendant for his appearance, as may be determined by any final order on any appeal that may be taken herein."

No other order was made by said judge. On February 15, 1901, appeal was duly taken from this order. It is now on the docket of this court, but has not yet been reached for argument. The present application seems to be an effort to advance the hearing

upon appeal from part only of said order. There is no good reason apparent why the single appeal should not be argued as a whole in regular course. Motion denied.