UNITED STATES v. LEE YEN TAI.

(Circuit Court of Appeals, Second Circuit. January 14, 1902.)

No. 38.

1. CIRCUIT COURTS OF APPEAL—JURISDICTION—RIGHT TO CERTIFY QUESTION TO SUPREME COURT—CONSTRUCTION OF TREATY.

The circuit court of appeals, having no jurisdiction of any case in which the validity or construction of treaties is called in question, is authorized by Act March 3, 1891, § 6, to certify to the supreme court any question of law concerning which it desires the instruction of that court for its proper decision. An appeal to the former court presented the question whether the Chinese treaty of 1894 repealed the existing statutes authorizing the deportation of Chinese, but also included other questions, which were within the jurisdiction of the court. *Held*, that

113 F.—30

the court of appeals could reserve its decision on the latter questions, and certify the former to the supreme court, or might reverse or affirm the decision without passing on the former question, but was not authorized, by reason of there being other questions involved in the case, to pass on the former question.

**2.** APPEAL—ASSIGNMENT OF ERROR—SUFFICIENCY.

Assignments of error, on an appeal to the circuit court of appeals from an order in habeas corpus proceedings discharging a prisoner, that the trial court erred in discharging the prisoner, and in not ordering him back into custody, and in not dissolving the writ, are insufficient in not setting out particularly the error intended to be urged, as required by rule of the court.

**3.** HABEAS CORPUS—APPEAL—PRESENTATION OF QUESTIONS BELOW.

Where objections to the form of a petition for a writ of habeas corpus are not urged in the district court, they will not be considered on appeal.

Appeal from the District Court of the United States for the Southern District of New York.

A. U. Parsons, for the United States.

Max J. Kohler, for appellee.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

WALLACE, Circuit Judge. This is an appeal from an order in habeas corpus made by the United States district court for the Southern district of New York discharging Lee Yen Tai from the custody of the marshal for the Northern district of New York. 108 Fed. 950.

The writ issued upon the petition of Lee Wah, a brother of Lee Yen Tai, setting forth, in substance, that Lee Yen Tai, being lawfully entitled to be and remain in the United States pursuant to the constitution and the laws thereof and the treaty with China promulgated in 1894, was imprisoned and held in restraint by the marshal by color of a warrant for his deportation issued by a United States commissioner for the Northern district of New York without jurisdiction. The return of the marshal set forth the warrant. The warrant recited, in substance, that the petitioner was arrested and brought before the commissioner on the charge of being a Chinese laborer seeking to enter the United States without producing the certificate prescribed by law, and not entitled to be or remain within the United States, and thereafter, upon a hearing and trial, was found guilty of the charge; whereupon the commissioner adjudged that he be immediately removed to the empire of China by the United States marshal for said district.

Upon the hearing in the district court no evidence was introduced, and the case was decided upon the facts set forth in the petition and the return. As no opinion was written by the district judge, it may be inferred that the decision proceeded upon the ground that the treaty of 1894 between the United States and China operated as a repeal of the pre-existing statutes providing for the deportation of Chinese citizens unlawfully within the United States.

The assignments of error assume that the decision proceeded upon this ground, and challenge the construction placed by the court upon the treaty. If the appeal presented no other question than the cor-

rectness of this ruling, this court would be without jurisdiction to entertain it. The circuit court of appeals has no jurisdiction in any case in which the constitutionality of any law of the United States or the validity or construction of any treaty is drawn in question. In such cases an appeal or writ of error lies directly to the supreme court, and the circuit court of appeals can only exercise appellate jurisdiction in cases other than those. Authority, however, is given the circuit court of appeals in every "subject within its appellate jurisdiction" to certify to the supreme court any question of law concerning which it desires the instruction of that court "for its proper decision." Act March 3, 1891, § 6. The supreme court in several cases has held that, although a case which has been brought to the circuit court of appeals by an appeal or writ of error may involve a question which that court has no jurisdiction to entertain, it may nevertheless, if the case also involves other questions, determine those questions, and certify to the supreme court the question which it may not entertain. U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Carter v. Roberts, 177 U. S. 496, 20 Sup. Ct. 713, 44 L. Ed. 861. In the latter case the court used this language:

"When cases arise which are controlled by the construction or application of the constitution of the United States a direct appeal lies to this court, and, if such cases are carried to the circuit court of appeals, those courts may decline to take jurisdiction, or, where such construction or application are involved with other questions, may certify the constitutional question, and afterwards proceed to judgment, or may decide the whole case in the first instance."

This language is relied upon by counsel for the appellant as meaning that the circuit court of appeals may in deciding the whole case decide the constitutional question, or, as in this case, a question involving the construction of a treaty. We do not regard it as intended to bear that meaning, and, as we read the language, it means simply that the circuit court of appeals may decide the whole case by affirming or reversing the decision under review without passing upon the constitutional or treaty question, or, if it sees fit, may reserve judgment and certify that question.

Passing to the questions which this court has power to determine, they may be summarily disposed of. The only assignments of error other than those respecting the construction of the treaty are that the court erred in discharging the defendant, that it erred in not ordering him back into the custody of the marshal, and that it erred in not dismissing the writ. The assignments do not comply with the rule, as they do not set out particularly the error intended to be urged. The court is at liberty, however, to notice a "plain error not assigned." The more important of the errors which have been urged allege defects of form in the petition which might have been cured by an amendment if they had been taken in the court below. They do not appear to have been taken there, and cannot be raised for the first time upon appeal.

There certainly is no "plain error" in the case to justify a consideration of questions not presented by the assignments. Except for the importance of the decision of the court below in its bearing upon other cases which may arise under the Chinese exclusion laws,

we should consider it to be our duty to affirm the order of the court below, without certifying any question for instructions to the supreme court; but it is so desirable in the public interests that the error of construction, if there was one, be corrected promptly, that we have concluded to reserve judgment, and certify the question for instructions.