PENNSYLVANIA LUMBERMAN'S MUT. FIRE INS. CO. v. MEYER.

(Circuit Court of Appeals, Second Circuit. November 24, 1903.)

No. 17.

**1. INSURANCE—CONTINUANCE OF POLICY—CONTRACT—COMPLETION.**
Where, after defendant had sent notice of cancellation of plaintiff's policies for failure of plaintiff to pay premiums, defendant wrote plaintiff that if they still desired the policies to be again put in force they should send check for the full amount by return mail and plaintiff on the same day and before destruction of the buildings insured mailed his check for the premiums as requested, the contract to again put the policies in force became binding from the time plaintiff's letter containing the check was posted.

**2. SAME—VALIDITY OF ACCEPTANCE.**
Where an insurer offered to reinstate policies which had been canceled for failure of insured to pay premiums, provided insured would send check for the full amount of the premiums by return mail, and insured immediately sent the check, and had ample funds in the bank to meet the same before the check could have been presented in the ordinary course of the mails, the fact that at the time the check was sent insured's bank account was overdrawn did not render the check insufficient to constitute an acceptance of insured's offer.

**8. SAME—FEDERAL COURTS—JURISDICTION—DETERMINATION—CIRCUIT COURT OF APPEALS.**
Where a case is removed from a state court to the United States Circuit Court and the jurisdiction is sustained, the question of jurisdiction cannot be reviewed on a writ of error to the Circuit Court of Appeals.

¶ 3. Review of jurisdiction of circuit courts, see note to Excelsior Wooden-Pipe Co. v. Pacific Bridge Co., 48 C. C. A. 351.

In Error to the Circuit Court of the United States for the Western District of New York.

See 108 Fed. 169.

On November 5, 1902, Charles C. Meyer, the defendant in error (plaintiff below) obtained judgment against the plaintiff in error (defendant below) for $5,314.98, damages and costs in the Circuit Court of the United States for the Western District of New York, on policies of insurance issued by the defendant on the plaintiff's sawmill property located in the city of Rochester. The defendant sued out a writ of error. The action was originally commenced in the Supreme Court of the state of New York, and was removed to the Circuit Court by the defendant.

Herbert H. Harris, for plaintiff in error.
Heman W. Morris, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. On May 26, 1900, the property covered by the policies of insurance was destroyed by fire. The principal question involved is whether or not the policies were in force at that time. On May 15th, the defendant sent notices of cancellation pursuant to the terms of the policies. The plaintiff strenuously contends that these notices were ineffectual to terminate the policies. In view of what afterwards occurred we deem it unimportant to determine this question. However, in order to simplify the discussion, let it be assumed that the policies were canceled prior to May 23, 1900.

On that day the defendant wrote to the plaintiff a letter in which, after reciting its contention that the policies were canceled, it says:

"We regret we cannot see our way clear to allow this matter to run along any further unpaid on our books, so if you still desire these policies to again be put in force we ask you kindly to send us check for the full amount by return mail."

On receipt of this letter on May 25, 1900, the plaintiff mailed his check on the Commercial Bank of Rochester to the order of the defendant for $274.17, the full amount demanded. This letter and check were received by the defendant on the morning of the 26th and receipted bills for the premiums were returned to the plaintiff. Early in the morning of the 26th of May, and before the receipt by the defendant of the letter and check the fire occurred, but this was not known to the defendant until two days thereafter. The letter of May 23d contained an explicit agreement by the defendant to reinstate the policies if the check for the premiums was mailed. The offer of the defendant was accepted by the plaintiff. When the check was deposited in the mail pursuant to this agreement to reinstate the policies, the plaintiff did all in his power to comply with defendant's offer. The minds of the parties met; the agreement was consummated.

It is stated in the defendant's brief that:

"While the general rule is that where a definite proposition is made by mail, the contract becomes binding at the time the accepting letter is posted, it is submitted that under the facts of this case the insurance was not to be in force until the company received Mr. Meyer's answer."

The rule is correctly stated, but we are unable to perceive why the facts in the case at bar constitute an exception. "The unqualified

acceptance by the one of the terms proposed by the other, transmitted by due course of mail, is regarded as closing the bargain, from the time of the transmission of the acceptance." Tayloe v. Merchants' Fire Ins. Co., 9 How. 390, 402, 13 L. Ed. 187. The defendant, had it desired to do so, could have limited the time of the reinstatement of the policies to the actual receipt by it in Philadelphia of the letter and check, but this it did not do. The defendant's proposal was a plain, unequivocal agreement to reinstate the policies when the check was deposited in the mails.

It appears that on the day the letter was mailed the plaintiff's account at the Commercial Bank was overdrawn and that it remained so until the morning of the 26th, on which day there were ample funds to meet the check. The 25th was Friday. In the due course of the mails the check could not reach Philadelphia until Saturday and by no possibility could it have been presented for payment at Rochester until Monday morning following. But defendant contends that because there were no funds in the bank at the time the check was mailed it was worthless, and therefore not a compliance with defendant's proposal. We cannot accede to this view. The defendant received precisely what it asked for, namely, the plaintiff's check. The defendant might have demanded a certified check or a draft on New York issued by the Commercial Bank, or it might have insisted that the cash should be sent by express or deposited to its order in a designated bank in Rochester, but this it did not do. The defendant evidently had sufficient confidence in the plaintiff to believe that he would not send a fraudulent check and asked only for the deposit in the mails of the plaintiff's personal check. This it received. As before stated, the earliest moment that the check could have been presented at the bank was Monday morning, May 28, 1900, and at that time it was good beyond dispute. The plaintiff was justified in taking notice of the fact that in the usual course of the mails the check could not have been presented until the following Monday. It was drawn in good faith on a bank where the plaintiff transacted business, and there is no question that the check would have been paid at any reasonable time after it was received by the defendant. The amount of the premiums has been deducted from the recovery.

If the contention of the defendant be correct, it follows that if the letter of the 25th had been written after banking hours when the plaintiff had ample funds in his possession to make the check good, but which it was impossible for him to deposit until the opening of the bank on the following morning, still the fact that at the time the check was deposited in the mails his account was overdrawn would invalidate his acceptance of the defendant's offer, although in exact compliance with the terms of the offer.

It is not necessary to consider the objections and exceptions to the admission of testimony, for the reason that if the testimony to which objections were made were eliminated from the case the same result must follow. On the undisputed facts we are of opinion that the plaintiff is entitled to recover.

This court is not permitted to consider the question of jurisdiction (United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87),

but we will certify it if, in view of the recent decisions of the Supreme Court, the defendant desires to present the question to that tribunal.

The judgment is affirmed, with costs.