### FISHERIES CO. v. LENNEN et al.

(Circuit Court of Appeals, Second Circuit. April 21, 1904.)

#### No. 169.

1. CIRCUIT COURTS OF APPEALS—JURISDICTION—QUESTION OF JURISDICTION OF LOWER COURT.

   Under Act March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], creating the Circuit Courts of Appeals, section 6 (26 Stat. 828 [U. S. Comp. St. 1901, p. 549]), an appeal to such court does not bring before it for review the question of the jurisdiction of the Circuit or District Court from which the appeal is taken, which is reviewable only by the Supreme Court, under section 5.

2. CONTRACTS—LEGALITY—AGREEMENTS IN RESTRAINT OF TRADE.

   A contract by which sellers of property agreed, as a condition of the sale, that they would not become engaged or interested in the business

---

¶ 1. Review by Circuit Court of Appeals of jurisdiction of Circuit Courts, see note to Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 48 C. C. A. 351.

of catching or manufacturing the products from certain classes of fish along the Atlantic seaboard, in competition with the business of the purchaser, for the term of 20 years, is not void as in restraint of trade and contrary to public policy.

**3. SAME—AGREEMENT CONSTRUED.**

A covenant by sellers of fisheries plants, together with their good will, not to enter into business competing with the purchaser along the Atlantic seaboard for a term of 20 years, *held* to be personal in its nature, and to preclude them from establishing a competing business on Chesapeake Bay.

Appeal from the Circuit Court of the United States for the District of Connecticut.

For opinion below, see 116 Fed. 217.

This cause comes here on appeal from a decree of the United States Circuit Court for the district of Connecticut enjoining defendants from carrying on menhaden fisheries along the Atlantic Coast.

H. A. Hull and C. E. Perkins, for appellants.

L. E. Warren, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The opinion of the court below contains a finding of all the facts material to the disposition of this appeal. We shall therefore confine ourselves to a discussion of the assignments of error.

The first assignment is based upon the contention that the Circuit Court had no jurisdiction because the matter in demand does not exceed $2,000. Under the construction adopted in this circuit of the sixth section of the Evarts act (Act March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549]), the question of the jurisdiction of the court below is not before us for review. United States v. Lee Yen Tai, 113 Fed. 465, 51 C. C. A. 299.

The second assignment of error presents the question whether the contract in suit was void as against public policy. This question was raised by demurrer in the court below, and the demurrer was overruled on the authority of Oregon Steam Navigation Co. v. Winsor, 20 Wall. 64, 22 L. Ed. 315, and United States v. Trans-Missouri Freight Association, 166 U. S. 290, 17 Sup. Ct. 540, 41 L. Ed. 1007. There was no error in said ruling.

The third assignment of error raises the only real question in the case. Prior to the transactions herein the respondents were engaged in the fishery trade, and had plants at Sag Harbor, Long Island, and at Lewes, Del. They entered into a contract with one Church, or his assigns, for the sale of their plant for $60,000, agreeing therein that they, upon the completion of said sale, would enter into a contract with said purchaser or his assigns "that the vendors shall not become interested in or connected with any business, other than that to be conducted by the purchaser or his assigns, either in catching menhaden, herring, or other fish used in the manufacture of oil or scrap, or in manufacturing such or any fish into oil or guano, upon, along,

or off any portion of the Atlantic seaboard, for a period of twenty years." Thereafter, Church having assigned said contract of sale to the American Fisheries Company, respondents duly executed a covenant with said company in accordance with said agreement, said covenant to be binding for a period of 20 years.

The respondents contended that there was a contemporaneous oral agreement, by which employment was guarantied to respondents. The court below, having heard the witnesses in open court, upon conflicting evidence has found that Church made no such promise, and we are bound by said finding. There is no evidence of any such promise on the part of the American Fisheries Company.

The respondents afterwards organized a corporation in Virginia, of which they and the members of their respective families are practically the sole stockholders and managing officers, established a plant at Harborton, on Chesapeake Bay, about 70 miles from the Atlantic Ocean, and began fishing within the bay and outside in the ocean. The defense raised by the assignment of error is that the language, "upon, along, or off any portion of the Atlantic seaboard," does not include the waters of Chesapeake Bay. The term "Atlantic seaboard," in its ordinary interpretation, would seem to be broad enough to include such indentations in the coast as Delaware, New York, or Massachusetts Bay, and, at least, such a location on Chesapeake Bay as the one occupied by defendants. But if there might otherwise be any ambiguity in said language or uncertainty as to its interpretation, it is removed by the acts and the written agreement of the respondents. They sold their entire plant for $20,000 in excess of its appraisal value exclusive of the good will; they refrained from entering into the fishery business until the American Fisheries Company became financially embarrassed; and when they covenanted against fishing off the Atlantic seaboard they expressly stated that this territorial covenant was personal in its nature so far as concerned future competition on their part by the language: "It being the intention of this agreement to bind ourselves, and each of us, firmly by these presents, not to enter into or to become, directly or indirectly, interested in the business of catching or manufacturing any fish when caught, into oil or guano, during the period of twenty years above mentioned."

The decree is affirmed, with costs.