### BOSTON & M. R. CO. v. GOKEY.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

#### No. 11.

1. MASTER AND SERVANT—INJURIES TO SERVANT—RAILROADS—DEFECTIVE APPLIANCES—ASSUMED RISK.

Plaintiff, a brakeman, while in defendant's employ, was struck by a switch target and thrown to the ground from a moving freight car while he was climbing up the ladder to release a brake, with his back to the switch. The switch had been changed shortly before, and plaintiff testified that he had no knowledge of its dangerous proximity to the track and had never been warned concerning the same. *Held*, that the danger from such structure was not one of the ordinary risks which plaintiff assumed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 556.

Assumption of risk incident to employment, see Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

**2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.**

Whether plaintiff was guilty of contributory negligence was for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1124.]

**3. COURTS—FEDERAL COURTS—JURISDICTION—COURT OF APPEALS.**

Act Cong. March 3, 1891, c. 517, § 5, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549], provides that writs of error may be taken direct to the Supreme Court in any case in which the jurisdiction of the circuit court is in issue, and section 6 (26 Stat. 828 [U. S. Comp. St. 1901, p. 549]) declares that the Circuit Courts of Appeal shall have jurisdiction in all cases except those provided for in section 5. *Held*, that the Circuit Court of Appeals has no jurisdiction to pass on questions challenging the jurisdiction of Circuit Courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1099.

Jurisdiction of Circuit Court of Appeals in general, see Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

Wallace, Circuit Judge, dissenting in part.

In Error to the Circuit Court of the United States for the District of Vermont.

See 130 Fed. 992, 994.

Writ of error to the Circuit Court of the United States for the District of Vermont to review a judgment entered on the verdict of a jury in favor of the plaintiff for $3,350.

G. B. Young, for plaintiff in error.

E. A. Cook and H. W. Hovey, for defendant in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The plaintiff, a brakeman in the employ of the defendant, was, while in the discharge of his duties, struck by the target of a switch and thrown to the ground from a moving freight car. He received injuries which resulted in the amputation of one of his feet three inches above the ankle. The switch which caused the accident was located in the freight yard at Lyndonville, Vt., having been placed in position but a few weeks prior to the accident. The dangerous proximity of the target to the track was unknown to the plaintiff as he testified that he had never operated it in its changed location or been warned regarding it. It was so near the track that while in the act of climbing up the ladder of the moving car to release a brake, with his back to the switch, he was caught by the target and hurled to the ground. In other words, there was not room enough to permit the body of a brakeman in that position to pass in safety.

It cannot be successfully maintained that the danger from such a structure was one of the ordinary risks assumed by the plaintiff on entering the defendant's employ. The law imposed upon the defendant the duty of furnishing for the use of its servants fit and suitable means and appliances. The jury found that the defendant failed to perform this duty; they found, in effect, that the defendant furnished an unsafe switch with the target so located that it served as a trap in which employés, ignorant of its position, might be caught and killed or injured. Whether such a structure was one reasonably safe and

proper to be maintained at the place described was a question of fact and was presented to the jury under instructions as favorable as the proofs warranted.

The same statement is true as to the alleged contributory negligence of the plaintiff. It cannot be said, as matter of law, that he was at fault in not ascertaining the situation in time to avoid contact with the target. The peril was not so obvious as to justify the trial court in imputing negligence to the plaintiff in failing to discover it. In the absence of notice or knowledge to the contrary he had a right to assume that, when in the discharge of his duty he was required to mount a moving car, he would not be hurled to the ground by a target placed so near the car that his body could not pass in safety. At least it was a question for the jury.

The case is an exceedingly simple one upon the facts, involving questions which are constantly arising in negligence cases; these questions were properly sent to the jury under instructions which fairly presented the conflicting contentions of the parties and, after a careful examination of the record, we fail to find any error which warrants us in reversing the judgment. We are unanimously of the opinion that the trial was fairly and impartially conducted and that the verdict, considering the irreparable injury to the plaintiff, was a moderate one.

We refrain from discussing the jurisdictional question argued at the bar and in the briefs, for the reason that this court since its organization has uniformly held that the act creating the Circuit Courts of Appeal confers no authority upon these courts to pass upon questions challenging the jurisdiction of the Circuit Courts. Act March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547]. Section 5 of the act (26 Stat. 827 [U. S. Comp. St. 1901, p. 549]) provides that writs of error may be taken direct to the Supreme Court in any case in which the jurisdiction of the Circuit Court is in issue, and section 6 (26 Stat. 828 [U. S. Comp. St. 1901, p. 549]) provides that the Circuit Courts of Appeal shall have jurisdiction in all cases except those provided for in section 5. This court has no appellate jurisdiction except such as is conferred by statute and we have been unable to perceive how the statute can be logically construed to bestow upon us a right which is expressly conferred on the Supreme Court and is expressly withheld from us. U. S. v. Lee Yen Tai, 113 Fed. 465, 51 C. C. A. 299; Fisheries Co. v. Lennen, 130 Fed. 533, 65 C. C. A. 79; Penn. Lumberman's Ins. Co. v. Meyer, 126 Fed. 354, 61 C. C. A. 254; in s. c. 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810; Sun Printing Ass'n v. Edwards, 194 U. S. 377, 24 Sup. Ct. 696, 48 L. Ed. 1027; U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; Halpin v. Amerman, 138 Fed. 548, 70 C. C. A. 462.

The judgment is affirmed, with costs.

WALLACE, Circuit Judge (dissenting). Error is assigned, among others, of the denial by the court below of the motion by the defendant to dismiss the action upon the ground that because the writ for the commencement of the action was not properly served on the defendant the court had no jurisdiction of the defendant.

The writ was dated April 25, 1904; was made returnable and notified the defendant to appear and answer at a term of the United States Circuit Court for the District of Vermont-to be held on the.17th day of May, 1904; and was served by the marshal on the 2d day of May, 1904, by attaching property designated as the property of the defendant by one Folsom, its agent and division superintendent within the said district, and leaving a true and attested copy of the writ in Folsom's hands at his office in said district.

Upon the return day mentioned in the writ, the writ together with the marshal's return was duly filed, and thereupon the defendant appeared specially for the purpose of the motion to dismiss and for the filing of a plea in abatement. The motion to dismiss was based upon the face of the writ and the marshal's return of service. The plea in abatement alleged facts qualifying the statements contained in the return of the marshal, and in substance asserted that the attempted service upon Folsom was unwarranted by the provisions of the statutes of Vermont. After the court had denied the motion to dismiss and had decided in effect that the plea in abatement was bad, the defendant answered upon the merits.

The assignment of error which challenges the ruling of the court in refusing to dismiss the action presents the general question whether the court acquired jurisdiction of the person of the defendant. If the court did not by a valid service of an authorized process obtain jurisdiction, the judgment is subject to review on a writ of error taken directly to the Supreme Court. This proposition was considered and decided in Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602, where the case was one in which the summons required the defendant to appear and answer in a Federal Court of the District of Colorado within ten days from the time of service of the summons instead of thirty days as provided for the procedure of the state courts by the statutes of Colorado. Inasmuch as section 5 of the Act conferring jurisdiction upon this court, (Act March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549]) provides that writs of error may be taken from the Circuit Courts direct to the Supreme Court in any case in which the jurisdiction of the Circuit Court is in issue, as well as in any case which involves the constitutionality of any law of the United States, or the validity or construction of any treaty, while section 6 provides that the Circuit Courts of Appeal established by the Act shall exercise appellate jurisdiction to review by writ of error final decisions in all cases other than those provided for in section 5, the question arises whether this court can properly undertake to decide whether there was jurisdiction in the court below. In United States v. Lee Yen Tai, 113 Fed. 465, 51 C. C. A. 299, we held that this court was not authorized to decide the validity or construction of a treaty; and in Fisheries Co. v. Lennen, 130 Fed. 533, 65 C. C. A. 79, following that judgment, we decided that an appeal presenting the question of the jurisdiction of the Circuit Court, as well as other questions relating to the merits of the controversy, did not authorize this court to pass upon the jurisdiction of the court below. These two decisions were based upon our understanding of the decisions of the Supreme Court in United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87,

and Carter v. Roberts, 177 U. S. 496, 20 Sup. Ct. 713, 44 L. Ed. 861. Since these decisions, however, the Supreme Court has considered again the proper construction of sections 5 and 6 (26 Stat. 827, 828 [U. S. Comp. St. 1901, p. 549]) in American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859, and I think it is apparent from its opinion that we misinterpreted the meaning of its former decisions. I am now satisfied that unless we see fit to certify to the Supreme Court the question of jurisdiction, we have authority, and it is our duty, to entertain and decide it in all cases where the jurisdiction of the Circuit Court is invoked solely because of the diverse citizenship of the parties to the action.

In Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 530, 32 L. Ed. 946 it was pointed out that although prior to the passage of the Act of June 1, 1872, it was always in the power of the Federal Courts, by general rules, to adapt their practices to the exigencies and conditions of the times, since the passage of that act the practice, pleadings and forms and modes of proceeding must conform to the state law and to the practice of the state courts, except when Congress has legislated upon a particular subject and prescribed a rule. And the court also declared that "When a state statute prescribes a particular method of serving mesne process, that method must be followed; and this rule is especially exacting in reference to corporations."

The Act of June 1, 1872, now section 914 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 684] does not require a Circuit Court of the United States to observe a strict conformity in actions at common law to the practice and procedure existing at the time in such actions in the courts of the state within which the Circuit Court is held, but permits the Circuit Court to conform thereto "as near as may be." As was said in Ind. & St. L. R. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898: "This indefiniteness may have been suggested for a purpose; it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such state statutes which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals." In Shepard v. Adams (supra) a summons issued by the United States District Court for the District of Colorado which required the defendant to appear within ten days from the time of service was held to sufficiently conform to the statutes of Colorado regulating the practice of the state courts although those statutes provided that the time within which a summons should require the defendant to appear was twenty days. This conclusion was reached because the summons by the Federal Court was issued pursuant to a rule of that court which was adopted when the existing statutes of the state prescribed that summonses should require the defendant to appear within ten days, but which rule was not changed to conform to a subsequent change in the statutes of Colorado. The court said: "We have a right to presume that the discretion of the District Court was legitimately exercised in both adopting and maintaining the rule in question." It is apparent from the reasoning of the opinion that the summons would have been held invalid if it had not been issued in pur-

suance of a rule of the Federal Court which conformed substantially when it was adopted to the state statutes.

The statutes of Vermont in force at the time of the issuing of the present writ, and for many days before, contained the following provisions applicable to the service of writs in actions like the present.

"Section 1088. Every writ and process returnable before the supreme and county courts, except as otherwise provided, shall be served within twenty-one days from the date of issuing the same, including the day of service, and excluding the day of issuing, and shall contain the following direction to the officer, viz.: 'Fail not but service and return make within twenty-one days from date hereof.'"

"Section 1089. The party suing out such process shall cause the same to be entered and docketed in the county clerk's office on or before the expiration of said twenty-one days, or the process shall on motion abate."

"Section 1090. The defendant shall cause his appearance therein to be entered with the clerk on or before the expiration of forty-two days from the date of such writ." The only rule of the Circuit Court of the District of Vermont which touches the case is rule 8 which was adopted prior to the enactment of these provisions and provides as follows: "All mesne process shall be returnable to the next regular term, if there shall be time for seasonable service thereof according to the laws of the state, otherwise it shall be returnable to the next regular term thereafter."

There is nothing in the rule of the Circuit Court which impinges upon the statutory provisions, and these provisions require the writ to be served within twenty-one days from its date of issuing, and allow the defendant twenty-one days at least after service in which to appear in the action. The present writ was not served or attempted to be served on the defendant until the 2d of May, 1904, or fifteen days previous to the time at which the defendant by the writ was notified to appear and answer. I cannot escape the conclusion that the motion to dismiss should have been granted.

If process is not served pursuant to the required statutory time the service is nugatory unless cured by a voluntary appearance or waiver of the defendant. It was upon that ground only that the court assumed appellate jurisdiction in Shepard v. Adams. The defendant in the present case was deprived of the full opportunity to prepare its defense which the statute was intended to afford, and though it may have had in fact sufficient time, it was entitled to assert its statutory right. The denial of that right was error.

There is respectable authority for the proposition that if a defendant appears in order to take advantage of a defective process or service, and his motion to dismiss the suit on that ground is overruled, he cannot then answer and proceed to trial without making a virtual waiver of his objections. But the weight of authority is to the contrary. "Where a special appearance is made in order to object to illegality in the service of process, or to urge any objection for which a special appearance is appropriate, such special appearance is not waived and converted into a general one by answering to the merits after the objections are erroneously overruled. It is only where the defendant

pleads in the first instance to the merits, without any special appearance, that objections to personal jurisdiction are waived." 2 Encyclopedia of Pleading & Practice, 629. That this is the law of the Federal Courts sufficiently appears by reference to Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, and Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942.

For these reasons I am of the opinion that the judgment should be reversed.