UNITED STATES ex rel. MILLER, Alien Property Custodian, v. BABCOCK, State Treasurer.

SAME v. CLAUSEN, State Auditor.

(Circuit Court of Appeals, Ninth Circuit. October 29, 1923.)

Nos. 4082, 4083.

Courts ⟨⟩405(5)—Judgment or decree sustaining objection to jurisdiction not reviewable by Circuit Court of Appeals.

Where the jurisdiction of the District Court is put in issue and the objection to the jurisdiction is sustained, the judgment or decree is not reviewable by the Circuit Court of Appeals, but by Supreme Court under Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215).

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Mandamus proceedings by the United States, on relation of Thomas W. Miller, Alien Property Custodian, against C. L. Babcock, State Treasurer of Washington, and against C. W. Clausen, State Auditor of Washington. From judgments dismissing the petitions for want of jurisdiction, relator brings error. Transferred to Supreme Court.

For opinion below, see 291 Fed. 231.

Thomas P. Revelle, U. S. Atty., W. W. Mount, Asst. U. S. Atty., both of Seattle, Wash., and Harry G. Rowland and Dix H. Rowland, both of Tacoma, Wash., for plaintiff in error and relator.

John H. Dunbar, Atty. Gen., and M. H. Wight, Asst. Atty. Gen. (Guie & Halverstadt, of Seattle, Wash., and H. C. Brodie, of Seattle, Wash., of counsel), for defendant in error and respondent.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. These two actions were brought in the court below by the United States, on the relation of Thomas W. Miller, Alien Property Custodian of the United States, against the State Treasurer and the State Auditor of the state of Washington. Demurrer was interposed in each action on the ground that the court had no jurisdiction of the defendant or of the subject-matter, and on the further ground that there was failure to state facts sufficient to constitute a cause of action. For want of jurisdiction the court below sustained the demurrers and dismissed the actions. Upon writs of error from this court the appellate jurisdiction of this court is challenged.

Where the jurisdiction of the District Court is put in issue, as here, and the objection to the jurisdiction is sustained, the judgment or decree is not subject to review by this court on appeal or writ of error. United States v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; The Carlo Poma, 255 U. S. 220, 41 Sup. Ct. 309, 65 L. Ed. 594; Jud. Code, §§ 128, 238 (Comp. St. §§ 1120, 1215).

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Since the writs of error in these cases should have issued from the Supreme Court instead of this court, it is ordered that the said causes be, and they hereby are, transferred to the Supreme Court, as directed by the Act of Congress of September 14, 1922 (42 Stat. 837), amending the Judicial Code by adding thereto section 238 (a).