DANIEL S. PIERSON *et al.*

*v.*

WILLIAM B. HENDRIX.

1. AMENDMENT—*affidavit of claim.* Where the officer administering the oath to the party making an affidavit of claim filed with a declaration, omits to add his attestation, it may be amended in this respect.

2. PRACTICE—*striking out pleas for want of affidavit of merits.* Where an affidavit of claim is amended by the officer attesting the oath to it, and the defendant fails to file an affidavit of merits upon leave given him, the court may properly strike his pleas from the files, and render judgment as upon *nil dicit.*

3. ERROR—*as to co-defendant.* A defendant can not assign for error that which alone affects his co-defendant, and in no manner affects his rights, or the justness of the judgment against him.

4. Where judgment was rendered against two defendants, one of whom was not served with process, and the latter is afterwards made a party to the judgment by *scire facias,* the error will do no harm to the defendant served with original process.

5. JUDGMENT—*not reversed for want of form.* Where a judgment is substantially right it will not be reversed because of the want of accuracy in form.

APPEAL from the Circuit Court of McLean county.

Messrs. HUGHES & McCART, for the appellants.

Mr. CHARLES SHACKLEFORD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The officer administering the oath to the party making the affidavit of claim filed with plaintiff's declaration omitted to add his attestation. It was amendable in that particular. *Goldie* v. *McDonald,* 78 Ill. 605.

After the affidavit was amended in that regard, by leave of court defendants obtained permission to file an affidavit of merits with their pleas at a subsequent day. Failing to do so, their pleas were properly stricken from the files, and the court rightfully rendered judgment as it did, as upon *nil dicit.*

The judgment in the first instance, against defendant not served with process, was, of course, erroneous, but it was an error that did no harm, as he was afterwards made a party on *scire facias* to the judgment against his co-defendant. But were it prejudicial error as to him, he is not complaining, and we are not aware appellants can assign as error that which alone affects their co-defendant and in no manner affects the justness of the judgment against them. *Van Pelt* v. *Dunford,* 58 Ill. 145; *Havighorst* v. *Lindberg,* 67 Ill. 463.

The effect of the proceedings had on *scire facias* was simply to make the defendant not previously served with process, a party to the judgment against his co-defendants. It may be the judgment was not as accurately written up as it might have been, but it would answer no good purpose to reverse the present judgment that a more formal one might be rendered. The result would be precisely the same. Substantially the judgment is right as it is, and that is all the law requires.

The judgment will be affirmed.

*Judgment affirmed.*