## HENRY C. LATHAM ET AL.
### v.
## DAVID E. McGINNIS ET AL.

*Landlord and Tenant—Forcible Detainer—Bill—Injunctions—Parties —Pleading—Chancery Jurisdiction—Sec. 14, Chap. 80, R. S.*

1.    Upon a bill to enjoin a sale, use, or removal of a crop by a tenant owing rent, an objection that the complainants have no joint or common right to the rent claimed should be raised by demurrer to the bill, and comes too late after answer filed.

2.    Where equity has jurisdiction it will not be ousted merely because jurisdiction of the subject-matter is conferred by statute on the courts of law.

[Opinion filed September 21, 1888.]

IN ERROR to the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

In the spring and summer of 1884, William W. McGinnis and David E. McGinnis, brothers, and large farmers in Sangamon county, became heavily involved in debt and their creditors began to press them for payment. They were not partners, but William W. (whom the witnesses in the case call Wash McGinnis) had indorsed the paper of his brother, David E. (whom the witnesses call Erv McGinnis) at the Marine bank in Springfield, for a large amount of money, and

was liable as such indorser, and for this the bank was pressing him.

This was the situation when, in April, 1884, William W. McGinnis úrged his brother, David E., to relieve him from his liability as indorser. Accordingly they together went to the Marine bank, where David E. owed over $13,000, and in the presence of Mr. B. H. Ferguson, the president of the bank, it was agreed between them that David E. would convey to William W. McGinnis real estate to the amount of $10,391.50 in value, and that William W. would pay that amount to the bank in reduction of David E. McGinnis' indebtedness.

It was further agreed that David E. was to stay on the land as a tenant and pay a fixed rent for the same to William W. The deed was accordingly executed by David E. McGinnis and wife and delivered to Ferguson at the bank to be given to William W. when he credited his brother's notes to the amount of the consideration named in the deed. The credits were made and the deed *duly delivered.*

Afterward, in February, 1885, William W. McGinnis was compelled to make an assignment for the benefit of his creditors, and to this end he conveyed all his property, both real and personal, by deed, to Henry C. Latham, trustee, and among the lands so conveyed were the north 133½ acres of the N. E. ¼ of Sec. 1, Town. 14 North, Range 7, West 3d P. M., and being a part of the land which he had purchased as aforesaid from his brother Ervin. Under this deed of trust Latham succeeded to the rights of William W. McGinnis in said land, collected the rents from it for two years from David E. McGinnis, and in October, 1885, sold the land to Thomas Fernandes, under the powers contained in the trust deed at the end of the second year's tenancy. March 1, 1886, David E. McGinnis refused to surrender the possession of the premises to Fernandes, although the statutory notice had been given terminating the tenancy, and Fernandes proceeded, first by an action of forcible detainer, and afterward by ejectment to obtain the possession. While these actions were pending David E. McGinnis continued in possession of the land, refusing to pay rent.

This was the condition of affairs on February 18, 1887, when the bill in this case was filed. The bill, in addition to the above facts, avers the insolvency of the defendant, David E. McGinnis; that said defendant is a tenant wilfully holding over without leave; that the rent for the year 1886, amounting to about $600, will be due and payable March 1, 1887; that there is no fund or property from which to make said rent except the corn crop grown upon said premises during the year 1886, and the great danger that said crop will be sold, used or removed; prays an injunction restraining the sale, use or removal of said crop, and for an accounting, etc.

Messrs. Greene & Humphrey, for plaintiffs in error.

Messrs. Gross & Broadwell, and J. F. Barrow, for defendant in error.

Our statute provides that when, before the rent is due, the tenant is about to dispose of the crop, and thereby endanger the landlord's rent, the latter may proceed at once by distress. Sec. 34, Chap. 80, 2 Starr & C. Ill. Stat., p. 1507.

The remedy at law being speedy, adequate and complete, resort to equity is not allowed. A party can have no standing in a court of equity when he has a complete remedy at law. Craft v. Dickens, 78 Ill. 131; Long v. Barker, 85 Ill. 431; Gore v. Kramer, 117 Ill. 176; Sec. 178, Pomeroy's Equity Jurisprudence.

Conger, J. We are of opinion that the evidence supports the allegations of the bill, and shall only notice two of the objections relied upon by the defendants in error, viz:

1. "By the averments of the bill the three complainants had no joint or common right to the rent claimed, and therefore there could be no decree in their favor."

2. "A court of equity, on the facts averred, has no jurisdiction."

As to the first objection, it is sufficient to say, that it should have been raised by a demurrer to the bill. It is too late to do so after answer filed.

Latham v. McGinnis.

The second objection, that there was an adequate remedy at law and for that reason equity would not assume jurisdiction, we do not think can be sustained. Prior to the passage of Sec. 14 of Chap. 80 of the Revised Statutes in 1873, it is quite clear there would have been no adequate remedy at law for the collection of the rent in question by either Latham or Fernandes.

The former could not distrain for the rent because he had sold the land, and no longer had any interest in it, and the latter could not do so because David McGinnis, the tenant of Latham, had never attorned to him, and, therefore, under such circumstances, the tenant being insolvent and the rent being in danger of being lost, equity assumed jurisdiction.

It is not necessary to determine the question whether Sec. 14 of Chap. 80 gave Fernandes, the grantee, the same right of distress that his grantor, Latham, had, or not, because if the subject-matter of the suit at bar was a proper subject of equity jurisdiction prior to the passage of that section, it still remained so, even though now, under its provisions it should be held that Fernandes could proceed by distress so soon as he obtained the title, and without an attornment from the tenant.

"The rule is well recognized, that where equity has jurisdiction, and an act of the Legislature confers like jurisdiction on a court of law, it then becomes concurrent in two courts. Jurisdiction having once vested in a court of equity, it remains there until the Legislature shall abolish or limit its exercise ; as, without some positive act, the reasonable inference is, that it is the legislative pleasure that the jurisdiction shall remain upon its old foundations." McNab v. Heald et al. 41 Ill. 330 ; Story's Eq., Sec. 641.

It was error to dismiss the bill, and the decree will be reversed and the cause remanded.

*Reversed and remanded.*