JACOB HELMUTH *et al.*

*v.*

SARAH BELL *et al.*

*Filed at Ottawa May 8, 1894.*

1. INTOXICATING LIQUORS—*joint liability of seller and owner of premises where sold.* In an action by a widow and her infant children against a saloon-keeper and the owner of the premises where the liquor was sold, to recover damages for a loss of the plaintiff's means of support, caused by the death of their husband and father from intoxication, the allegation of ownership in the premises upon which the liquor was sold makes such owner jointly liable with the seller of the liquor, by the terms of the statute.

2. SAME—*causing death of plaintiff's support—joint action by widow and children.* Where a man loses his life through intoxication, having a wife and children of tender years, who live together and constitute but one family, whereby they lose their means of support, while the wife may sue alone, no reason is perceived why the wife and children may not join in an action to recover for the loss.

3. SAME—*joint action by parents of the deceased.* If a father and mother living with a son upon whom they are dependent for support, and who is providing for them, are deprived of the same in consequence of the intoxication of the son, it would seem unreasonable to hold that two actions instead of one should be brought by the parents. The words "in his or her own name" may, by the express language of the statute, be read in the plural. Where joint interests are affected a joint action may be brought.

4. PRACTICE—*suing jointly—waiver of error by pleading to the action.* Where each of several parties plaintiff has a right of action against a defendant, of the same nature, growing out of the same wrong, even if no joint suit is given by the statute, and the defendant elects to plead to the action so brought, and suffers a verdict and judgment to go against him, he will thereby waive the error.

5. SAME—*waiver of objection by failure to make it in time.* An objection which could have been removed in the trial court if made there, can not be urged for the first time in an appellate court.

6. PRACTICE IN THE SUPREME COURT—*matters to be considered—absence of bill of exceptions.* In the absence of a bill of exceptions this court can not consider the correctness of the rulings of the trial court, except such errors as appear upon the face of the record proper.

7. Pleading—*defects cured by verdict.* Where a declaration shows that part of the plaintiffs are minors, their failure to sue by guardian or next friend is an error which is cured by verdict, under the Statute of Amendments. So, also, is any other defect in the declaration which is obnoxious to a special demurrer, only.

8. Where there is any defect, imperfection or omission in any pleading which would be fatal on demurrer, yet if the issue joined is such as to require, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed the judge would direct the jury to give, or the jury would have given, the verdict, such defect, etc., is cured by the verdict.

9. Judgment—*surplusage disregarded.* Where a verdict and judgment for a gross sum attempt to distribute the amount among the several plaintiffs, such attempt may be regarded as surplusage, and the defect in form will be cured by the Statute of Amendments.

Writ of Error to the Appellate Court for the First District;—heard in that court on writ of error to the City Court of the City of Aurora; the Hon. Russell P. Goodwin, Judge, presiding.

Messrs. Little & Avery, and Messrs. Alschuler & Murphy, for the plaintiffs in error.

Mr. Benjamin F. Herrington, for the defendants in error.

Mr. Justice Wilkin delivered the opinion of the Court:

Sarah Bell, wife, and the other appellees, children of Arthur Bell, deceased, brought this action on the case against appellants, to recover for an "injury to their means of support," in consequence of the intoxication and resulting death of said Arthur Bell.

The substance of the charge against the defendants, as appears from the declaration, is, that Jacob Helmuth, being engaged in the business of selling intoxicating liquors in the village of Yorkville, in Kendall county, this State, on the 16th of May, 1890, sold, gave and furnished Arthur Bell, James Wilcox and Frank Griffin intoxicating liquors, whereby they became intoxicated, and unable to perceive and apprehend

danger, etc., and went upon the Fox river in a certain boat, where, in consequence of being so intoxicated, they were thrown from or fell out of said boat and were drowned. The first and second counts charged the selling to Arthur Bell alone, the third to the three parties jointly, the fourth to Wilcox and Griffin jointly, the fifth to Griffin alone, and the sixth to Wilcox alone. Following the last count is the allegation, that during the time the defendant Jacob Helmuth was engaged in the business of selling intoxicating liquors, as aforesaid, he occupied a building owned by himself and the defendant Albertina Helmuth, (describing the premises,) and then and there gave and furnished the intoxicating liquors that caused the death of Arthur Bell, and the defendant Albertina then and there knowingly permitted the same, and permitted the said premises to be so used, etc. Then follows a statement of the age of the deceased and that of the wife, their marriage, the respective ages of the children, the oldest being seven years and the youngest four months old; that the plaintiffs were all dependent upon the father and husband for their entire support; that they all lived together as one family, and are without any means of support, wherefore they have sustained damages, etc.

To the declaration, and each count thereof, the defendants filed a general demurrer, which being overruled, they pleaded the general issue and went to trial. The jury returned a verdict assessing the plaintiffs' damages at $5000, which they attempted to apportion among them by giving to the wife $1500 and to each of the children $700. The clerk recited in the record that there was a motion by defendants for a new trial, which was overruled, and they excepted. Judgment was entered upon the verdict in favor of all of the plaintiffs for the full amount of the verdict, $5000, but then proceeds to apportion the amount, as was attempted by the verdict. On error to the Appellate Court the judgment of the circuit court was affirmed, and from that judgment of affirmance this writ of error is prosecuted.

It is assigned for error that the circuit court erred in over-ruling defendants' demurrer to the declaration, in receiving and entering the verdict of the jury, in denying the motion for a new trial, in rendering judgment upon the verdict, and that the verdict and judgment are irregular, informal, illegal and erroneous. No bill of exceptions whatever appears in the record, and, of course, only such errors as appear upon the face of the record proper can be considered. The only questions, therefore, presented for our decision are, does the declaration sustain the judgment, and is the judgment so defective in substance, upon its face, as to require its reversal. If appellants desired to question the correctness of the rulings of the circuit court on other errors assigned, they should have presented those rulings by proper bill of exceptions.

The declaration is not skillfully drawn, but counsel for appellants, in the objections they urge against it, do not give due consideration to the fact that those objections come after verdict, and to the effect of our Statute of "Amendments and Jeofails." For instance, it is insisted that the declaration is fatally defective because it shows that certain of the plaintiffs were minors, who do not sue by guardian or next friend, whereas the statute expressly provides that no judgment shall be reversed "for the reason that the person in whose favor the verdict or judgment is rendered is an infant, and appeared by attorney." So, the objection that no one count of the declaration sufficiently charges the defendant Albertina, is met by the same statute, in which it is provided that no judgment shall be reversed "for the want of any allegation or averment, on account of which omission a special demurrer could have been maintained." The allegation of ownership in the premises upon which the liquor was sold made Albertina jointly liable with the seller of the intoxicating liquors, by the terms of the statute. The attempt is not, as is assumed, to charge her by a distinct count, but to charge her jointly with the seller, as shown by each of the counts. That allega-

tion may be treated as a part of the whole declaration or as a part of the last count. True, a special demurrer could have been sustained to it, if defendants had seen fit to interpose it, but the defect is cured after plea and verdict.

The position that no joint right of action is given the wife and children by the express terms of the statute, may be conceded. The language, "severally and jointly," as used in section 9 of the Dram-shop act, has been held to apply to defendants, and that seems to be the more natural construction. We do not agree, however, that it must necessarily follow that a joint action by persons injured in their means of support can in no case be maintained. Here it is alleged that the children, all of tender years, and the wife, resided together as one family, and were wholly dependent upon the deceased father and husband for support. It was his duty, under the law, to provide for them, as a family, the necessaries of life suitable to their condition, to the extent of his ability. True, they each had a separate right of action for the loss of that support; but it is impossible to say that they did not suffer a joint loss, and we are unable to see why, in such a case, the wife and children may not join in a suit to recover damages for that loss. Certainly no injury can be done the defendant thereby. By the same section of the statute an action is given a parent. If a father and mother living with a son upon whom they are dependent for support, and who is providing for them, are deprived of the same in consequence of the intoxication of the son, it would seem unreasonable to hold that two actions, instead of one, should be brought by the parents. This statute does not, as seems to be supposed, require all actions under it to be brought by parties injured, severally. The words "in his or her own name," may, by the express language of the statute, (chap. 131, sec. 1,) be read in the plural. The injury may be redressed "by any appropriate form of action, in any of the courts of this State having competent jurisdiction," and we can conceive of no good reason why,

where joint interests are affected, a joint action may not be brought.

But if it were otherwise, appellants are in no condition to raise the question now. Each of the parties plaintiff had a right of action against the defendants, of the same nature, growing out of the same wrong, and even though the statute does not authorize a joint suit, the defendants having elected to plead to the action so brought, and suffered a verdict and judgment to go against them, have waived the error. Going to this and each of the foregoing objections is the general rule, that an objection which could have been removed in the trial court if made there, can not be urged for the first time in an appellate court. If the objection had been made in due time, the plaintiffs could have dismissed the suit as to the infant defendants, and proceeded with the action in the name of the wife alone. *Graham et al.* v. *Fulford,* 73 Ill. 596.

We have carefully examined the declaration, and are satisfied that whatever of defects there are in it are defective statements of a cause of action, and not statements of a defective cause, and can not therefore be taken advantage of on error. The rule as laid down by Chitty, (vol. 1, 711, 712,) quoted with approval in *Keegan et al.* v. *Kinnare,* 123 Ill. 292, is: "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict." Tested by this rule, there can be no serious question as to the sufficiency of this declaration to support the judgment below.

As to the objection to the judgment itself, it is only necessary to again call attention to the Statute of Amendments, and cite the cases of *Pierson* v. *Hendricks,* 88 Ill. 34, and *Guild*

v. *Hall*, 91 id. 223. Other cases to the same effect might be referred to, but the point is so clearly covered by the statute that the citation of decisions is unnecessary. All that part of the entry of judgment in this case which attempts to distribute the amount among the respective plaintiffs can be rejected as surplusage, and still a good judgment remain.

On the whole record the judgment of the Appellate Court is right, and should be affirmed.

*Judgment affirmed.*