# E. A. Moore Furniture Company v. George C. Prussing.
## H. H. Sherwood v. Same.
## William J. Moore v. Same.
## Ezekiel P. Murdock v. Same.

1. Creditors' Bills—*Attacking Fraudulent Transfers of Personal Property.*—Under Sec. 49, Chap. 22, R. S., which is but affirmative of the old law, the right of a judgment creditor to file a bill to subject to sale, personal property which has been transferred in fraud of the rights of creditors, can hardly be questioned.

2. Same—*Right of Creditor to Levy on Property Not Necessarily an Objection to.*—Where a creditor has fraudulently conveyed his personal property without consideration, and to defraud his creditors, the sale may be impeached and relief granted by a court of equity, as the remedy at law by a sale of the property on execution is inadequate.

3. Partnership—*Marshaling Assets.*—The rule of equity as to marshaling assets, to pay partnership debts with partnership assets, and individual debts with individual assets, is based on the equity of a partner that his property shall not be applied to the payment of the debt of anybody else, whether partner or stranger, and when both partners are debtors neither of them has any such equity.

4. Same—*Jurisdiction of Equity over Suits Against Representatives of a Deceased Partner.*—The jurisdiction of courts of equity over suits

against the representatives of deceased partners is not affected by the statutory jurisdiction of the Probate Court.

5. RECEIVERS—*Appointment of, Without Notice.*—Where the property sought to be reached by a creditor's bill was of a kind easily put out of reach, and where, had an injunction been issued, it would have been very difficult to prove a breach, had one been committed, the court holds that the only way to make sure that the complainant, if entitled to relief, would get it, was to put the source of relief into the custody of the law, and approves the appointment of a receiver, without notice, under the particular circumstances.

**Creditor's Bill.**—Order appointing a receiver without notice.   Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.   Heard in this court at the March term, 1897. Affirmed.   Opinion filed June 14, 1897.

PAM & DONNELLY and MOSES, ROSENTHAL & KENNEDY, attorneys for appellants.

SIGMUND ZEISLER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order, granted without notice, appointing a receiver of the assets of the appellant.

The bill stated a case which—as to material facts to be considered on this appeal—may be condensed as follows:

December 8, 1893, James E. Moore and William J. Moore were the sole partners of a furniture firm, and then, not in the firm name, but individually, made five promissory notes, each for $2,500, payable to their own order, which they indorsed to the appellee.

On one, becoming due in six months thereafter, the appellee obtained judgment against them both, and issued execution which was returned no property.   He also sued on the other notes, becoming due one year after date, and pending that suit James E. Moore died, and the appellee obtained judgment against William J. Moore only, upon which also execution was returned no property.   Upon these four notes the claim of the appellee has been allowed in the Probate Court against the estate of James E. Moore, but the estate has no assets with which to pay any part of the claim.

On the same day that the notes were made the two Moores began the organization of the appellant corporation, the certificate for which was issued by the Secretary of State, December 28, 1893.

As between themselves and the subscribers for the stock of the corporation, the stock all belonged to the Moores, and they procured the organization of the corporation for the purpose of putting their stock of furniture, choses in action, and subsequent additions thereto, beyond the reach of their creditors.

Until the death of James E. Moore, both the Moores controlled the whole business, as has William J. Moore, since, and all profits thereof not kept in the business, have been divided between them during the life of James E. Moore, and between his family and William J. Moore since the death of James E. Moore.

This condensation omits a great deal of what is contained in the bill of twenty-seven typewritten pages, but omits nothing that qualifies what has been stated.

Under Sec. 49, Ch. 22, which introduced no new principle, and is but affirmative of the older law (Singer & T. S. Co. v. Wheeler, 6 Ill. App. 225, Durand v. Gray, 129 Ill. 9), the right to file a bill in order to sweep the fraud out of the way can hardly be questioned.

The facts that before the organization of the corporation the assets were partnership assets, and the notes made, not as a firm, but individual notes, are not material, as the equity rule of marshaling assets to pay partnership debts with partnership assets, and individual debts with individual assets, is based on the equity of a partner that his property shall not be applied to the payment of the debt of anybody else, whether copartner or stranger. Ladd v. Griswold, 4 Gilm. 25.

When both parties are the debtors, neither of them has any such equity. McIntire v. Yates, 104 Ill. 491, is in point in principle.

There is in the record an affidavit by one of the solicitors of the appellant by which he evidently intended—and failed

—to state that an appeal had been taken from the allowance in the Probate Court of the claim against the estate of James E. Moore.

If such fact were before us, it would make no difference, for the inherent jurisdiction of courts of equity over suits against the representatives of deceased partners (Eads v. Mason, 16 Ill. App. 545) is not affected by the statutory jurisdiction of the Probate Court (Latham v. McGinnis, 29 Ill. App. 152), and the appellee might have refrained from going there at all.

The two serious difficulties in the way are, first, that for aught that appears, there was enough tangible property accessible upon which to levy, that, upon the statements of the bill, belonged to William J. Moore as surviving partner, and with the sale of which under execution the representatives of James E. Moore could not have interfered; and as the receiver is appointed as to all the assets, if the order is wrong as to the tangible property, it should be reversed.

The Supreme Court of Wisconsin dealt with this objection, and held against it in Gulickson v. Madsen, 87 Wis. 19, to which I refer without quoting.

Second, the order was entered without notice.

We have used some pretty strong language in reference to such proceedings, in Nusbaum v. Locke, 53 Ill. App. 242. This case, however, is one of "emergency," as there spoken of.

The property, both tangible and intangible, was of a kind easily put out of reach.

Had an injunction been issued, it would have been very difficult to prove a breach, had one been committed. The amount involved is very considerable.

The only course open to make sure that the appellee, if entitled to relief, would get it, was to put the source of that relief into the custody of the law. We do not mean to imply that the court should appoint a receiver when and because the complainant will give a good bond to pay all damages, but we highly commend the prudent course adopted in this case of taking such a bond in the penalty of twenty-five thousand dollars.

Three other appeals by persons connected with the corporation are pending here upon the same abstract and briefs. Names need not be recited here.

The order appealed from will be affirmed in each.