## The City of Bloomington v. N. N. Winslow et al.

1.  STREETS—*Right of Property Owner to Damages for Vacation of.*— The owner of property abutting a public street which has been vacated by a city, whereby access to the property is destroyed, has an undoubted right to recover damages against the municipality.

2.  SAME—*Action of Conditional Vendee, of Abutting Property as a Defense to Suit for Vacation of.*—In a suit against a city by the owner of abutting property, to recover damages caused by the closing of a street, the evidence showed that the owner of the property had executed a bond for a deed, that the grantee in the bond had joined in a petition to have the street vacated, that such grantee had not complied with his contract, and that notice of forfeiture had been served on him.   *Held,* that the city was liable.

3.  PRACTICE—*Motions in Arrest of Judgment.*—After a demurrer to a declaration is overruled, a plea of the general issue filed and a trial had thereon, a defendant is in no position to urge a motion in arrest of judgment on account of the insufficiency of the declaration.

**Trespass on the Case,** for injury to abutting property caused by the closing of a street.   Appeal from the Circuit Court of McLean County;

the Hon. THOMAS F. TIPTON, Judge, presiding.  Heard in this court at the May term, 1897.  Affirmed.  Opinion filed September 13, 1897.

JACOB P. LINDLEY, city attorney, for appellant; J. H. ROWELL and J. S. NEVILLE, of counsel.

J. J. MORRISSEY, attorney for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action on the case against the City of Bloomington to recover damages for vacating and closing a street whereby access to two city lots owned by appellees was cut off.  They recovered a judgment for $300.

The owner of property abutting a public street which has been vacated by a city, whereby access to it is destroyed, has under our statute and the decisions of our Supreme Court an undoubted right to recover damages.  Chapter 145, Rev. Statutes; City of Chicago v. Burchy, 158 Ill. 103.  The proofs in the record sufficiently show that appellees were the owners of the property and that they were damaged by the closing of the street to the extent of the damages allowed by the jury.

Complaint is made of the action of the court in sustaining demurrers to two special pleas filed by appellant setting up that Winslow was estopped from claiming damages by reason of his executing bonds for deeds to the lots to one Jesse M. Goodheart, and placing him in possession of them, and by Goodheart's joining in a petition to the city to vacate the street.  The evidence shows Goodheart had not complied with his contract either in paying interest or taxes and that notice of forfeiture was given him several weeks before the action of the city council.  The pleas were not good as pleas in estoppel.

The refusal of the court to grant a continuance because Sarah L. Winslow was joined as party plaintiff was not error.  The affidavit was insufficient.

We see no substantial error of the court either in the giving or refusing of instructions, or in passing upon the admissibility of evidence.

It is urged that the motion in arrest of the judgment should have been sustained. The motion was based upon the insufficiency of the declaration. Objection to the declaration was first presented by a general demurrer, and much space is occupied in appellant's brief to show that the declaration is bad. None of the defects pointed out were such that they could not be cured by a verdict. It may be said, too, that as the general issue was filed and a trial had thereon, appellant was in no position to urge a motion in arrest of judgment. Ladd v. Pigott, 114 Ill. 647; Helmuth v. Bell, 150 Ill. 263.

We see no sufficient reason for reversing the judgment.

Judgment affirmed.