MATTHEW MOONEY vs. EDISON ELECTRIC ILLUMINATING
COMPANY & others.

Suffolk. March 7, 1904. — May 18, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Way*, Defect in highway. *Contract*, Implied: Common counts. *Joint Tortfeasors.*
*Pleading, Civil.*

If a city is liable under the highway act for negligently allowing a street which
has become charged with electricity through the negligence of a corporation to
remain thus charged, the city, in case of a judgment against it on such liability,
can maintain an action against the corporation to recover what it has paid on
the judgment.

A cause of action at common law against an electric lighting company and a street
railway company for injuries alleged to have been caused by the negligence of
those corporations in allowing a highway of a city to become charged with elec-
tricity cannot be joined with an alleged cause of action against the city under
the highway act for negligently suffering the highway to remain thus charged,
and a declaration on these alleged causes of action against the corporations and
the city as joint tortfeasors is bad on demurrer.

TORT against the Edison Electric Illuminating Company, the
Old Colony Street Railway Company and the city of Boston,
for injuries alleged to have been received by the plaintiff while
lawfully travelling on Centre Street, a highway of the city of
Boston, at or near Cass Street in that city, through the alleged
negligence of the defendant corporations, by reason of which
Centre Street became charged with electricity, and through the
alleged negligence of the defendant city in suffering the highway
to remain so charged, whereby it was rendered and remained
dangerous and defective, causing the plaintiff's injuries, with
allegations of notice to the defendant city of the time, place
and cause of the plaintiff's injuries. Writ dated September 5,
1902.

The city of Boston demurred to the declaration on the grounds,
that the declaration did not state a legal cause of action against
that defendant, and that the city was not liable jointly with the
other defendants upon the alleged facts.

The Superior Court sustained the demurrer and ordered judg-
ment for the city of Boston. The plaintiff appealed.

*T. F. Meehan*, for the plaintiff.

*S. M. Child*, for the city of Boston.

HAMMOND, J.   The plaintiff seeks to hold the two private corporations upon the ground that by their negligence the highway became charged with electricity, and the city of Boston upon the ground that it negligently suffered the highway to remain thus charged.   As against the first two the liability rests solely upon the common law; as against the city, solely upon the statute.   The private corporations had nothing to do with the negligence charged against the city, and the city had nothing to do with the negligence charged against the private corporations. The liability of the city depends upon statutory conditions and is limited in amount, while the liability of the other defendants depends upon conditions entirely different, and is measured only by the amount of damages suffered by the plaintiff.   As between the defendants the liability of the private corporations is primary, that of the city secondary ; and the city, in case of a recovery against it, could maintain an action against these other defendants to recover what it paid.   *Boston* v. *Coon*, 175 Mass. 283, and cases cited.

From these considerations it is plain that neither in fact nor in legal intendment are these defendants joint tortfeasors.   They therefore cannot be held as such, and the declaration is bad.   For cases illustrative of the principle involved, see *Parsons* v. *Winchell*, 5 Cush. 592; *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487 ; *Ridley* v. *Knox*, 138 Mass. 83 ; *Dutton* v. *Lansdowne Borough*, 198 Penn. St. 563.

*Demurrer sustained.*