## ELLA V. WARD *vs.* CALEB S. MERRIAM.

Worcester.　October 3, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Libel and Slander.　Practice, Civil.　Pleading, Civil.*

In an action for slander an exception of the defendant to a refusal of the presiding judge to rule, that if the defendant spoke certain words which the defendant has testified that he spoke instead of those alleged in the declaration the plaintiff cannot recover for the words set forth in the declaration, is disposed of by a special finding of the jury that the defendant used the language set forth in the declaration, which makes the effect of the other words immaterial.

In an action for slander, if the defendant failed to demur to the declaration and went to trial on the issues raised by the pleadings, after a verdict for the plaintiff at the argument of an exception to the refusal of the presiding judge to rule that the plaintiff could not recover on the declaration, the defendant cannot take advantage of the point that the declaration does not set out a cause of action by reason of its failure to state sufficient circumstances to show the sense in which the words were spoken, and the only argument open to him is that upon all the evidence the words were spoken under such conditions as not to be slanderous.

In an action for slander the words " W. (meaning the plaintiff's husband) has sold half of his wife to L. hasn't he ? " may be found under the circumstances in which they were used to have been spoken in such a sense as to amount to a charge of adultery, and the fact that the statement was put in the form of a question makes it none the less slanderous.

In an action purporting to be by a married woman for charging her with the crime of adultery by spoken words, whether after a verdict for the plaintiff the defendant at the argument of an exception to a refusal of the presiding judge to rule that the plaintiff could not recover can raise for the first time the question of the sufficiency of the proof as to the plaintiff being a married woman, *quaere.*

In an action purporting to be by a married woman for charging her with the crime of adultery by spoken words, in the absence of any evidence tending to show that the plaintiff was not married it is sufficient for her to show that she was reputed to be a married woman.

Tort for alleged slander. Writ dated September 13, 1904.

The first count alleged that the defendant on September 7, 1904, charged the plaintiff with the crime of adultery by words spoken of her substantially as follows: " Ward (meaning the plaintiff's husband) has sold half of his wife to Legeyt (meaning Warren Legeyt) hasn't he?"

The second count alleged that the defendant on September 9, 1904, charged the plaintiff with the crime of adultery by words spoken of her substantially as follows : " She (meaning the plaintiff) is nothing but a damned whore anyway."

The third count alleged that the defendant on September 9, 1904, charged the plaintiff with the crime of adultery by words spoken of the plaintiff substantially as follows : " You (meaning Warren Legeyt) use (meaning commit adultery with) her (meaning plaintiff) one half the time and Ward (meaning the plaintiff's husband) half the time."

No special damage was alleged. The defendant's answer contained a general denial and alleged a privileged communication.

In the Superior Court the case was tried before *DeCourcy*, J. The plaintiff's evidence showed that on September 7, 1904, the defendant asked one Hayes, who at the time·was with the defendant and the plaintiff's witness, the question set out in the first count of the plaintiff's declaration. The witness testified that the defendant said " Is Warren Legeyt boarding there?" and the witness said " He is coming there to-night," and that then the defendant wanted to know if Mr. Ward had not sold half his wife to Mr. Legeyt.

The words set out in the second and third counts of the plaintiff's declaration, according to the plaintiff's witness, Warren Legeyt, were uttered to Legeyt, who was alone at the time with the defendant, on September 9, 1904. Legeyt testified that the defendant was standing on the sidewalk when he drove up to him and asked him what he was saying about Mrs. Ward and himself ; that after some conversation which did not concern the case the defendant said " that Ward had sold me half his wife to pay me for committing perjury in the Roper case. He said that I used her half the time and that Ward used her half the time. He said she was nothing but a damn whore."

The defendant, who was about eighty-eight years of age,

denied ever having uttered any of the words set forth in the different counts of the plaintiff's declaration, but admitted that on September 7, 1904, he did ask Hayes " If Legeyt had bought one half of Ward's wife."

At the close of the evidence the defendant asked the judge to rule that the plaintiff could not recover on the first and third counts. The judge refused to rule as requested, and the defendant excepted. The defendant then asked the judge to instruct the jury that if the defendant said, " Has Legeyt bought one half of Ward's wife," the plaintiff could not recover for the words set forth in the first count of her declaration. The judge refused to give this instruction and the defendant excepted. The judge submitted in writing to the jury this question : " Did the defendant in his conversation with Hayes use the language set forth in the first count ? " The jury answered " yes."

The judge submitted the case to the jury on all the counts with instructions to which no exception was taken. The jury returned a general verdict for the plaintiff in the sum of $550 ; and the defendant alleged exceptions.

*C. E. Tupper,* for the defendant.

*D. I. Walsh & T. L. Walsh,* for the plaintiff.

RUGG, J. This is an action for slander. At the close of the evidence, the defendant requested rulings that the plaintiff could not recover upon the first and the third counts. He also asked for a specific ruling as to the effect of certain words which the defendant testified that he spoke instead of those alleged in the first count. By an answer to a question, the jury found that the defendant used the language set forth in the first count. On this ground the defendant's exception to his request for the specific ruling must be overruled.

The question presented by the other two requests is a very different one from that which would arise if the defendant had demurred. The defendant having failed to demur and having gone to trial upon the issues raised by the pleadings as they stood, it is not now open to him to raise the point that the first and third counts do not set out a good cause of action. Although the declaration may not set out a cause of action by reason of a failure to state sufficient circumstances to show the sense in which the words were spoken, this objection can be taken only

on demurrer. After verdict, it is only open to the defendant to argue that upon all the evidence the words were spoken under such conditions as not to amount to the charge of a crime. *Chace* v. *Sherman*, 119 Mass. 387. Many of the cases cited by the defendant arose upon demurrers and are therefore of little weight upon the question now open for consideration.

Taking into account all the circumstances disclosed by the evidence, there was enough to warrant the jury in finding that the words were spoken in such a sense as to amount to a charge of adultery. It is of no consequence that the statement was put in the form of a question. Insidious and harmful insinuations may often be conveyed under the cover of an inquiry. If it is open to the defendant now to question the sufficiency of the proof as to the plaintiff being a married woman (*Oulighan* v. *Butler*, 189 Mass. 287), there was enough to warrant a finding that she was so reputed, and this, in the absence of any other evidence, was all that was required of the plaintiff. 1 Greenl. Ev. § 140.

*Exceptions overruled.*