# POTOMAC ELECTRIC POWER COMPANY *v.* HEMLER.

EVIDENCE; PRESUMPTIONS; NEGLIGENCE; STREETS AND SIDEWALKS; MUNICIPAL CORPORATIONS; NOTICE; INSTRUCTIONS TO JURY; TRIAL; PLEADING; JOINT TORT-FEASORS; APPEAL AND ERROR; DISCONTINUANCE; WAIVER; PREJUDICIAL ERROR.

1. In a personal injury action against an electric lighting company and a municipality to recover for injuries to the plaintiff caused by her

NOTE.—On the effect of knowledge of defect in highway to charge one

stepping into an uncovered gas box in a sidewalk, where the evidence for the plaintiff tends to show that an employee of the lighting company, about a fortnight before the accident, had dug a trench in the sidewalk, partly exposing the box, and had removed earth from the top of it with a pick; and that prior to the commencement of such work the cover was on the box, and after the accident the broken pieces of the cover were found buried in the loose earth around the box; and there is no evidence that anyone else interfered with the box or the earth near it, the jury may rightfully infer that the top of the box was removed, broken, and buried by an employee of that company and the box left without guard to protect pedestrians, and accordingly a motion by the company to direct a verdict in its favor is properly refused.

2. A woman who is injured by stepping at night into an uncovered water or gas box in a sidewalk is not, as a matter of law, guilty of such contributory negligence as will preclude her from recovering damages from the municipality and another, because for at least two weeks before she was injured she knew of the uncovered condition of the box, and had said to her husband that it was dangerous and ought to be fixed.

3. The existence of a water or gas box with the top broken off, in a sidewalk in a thickly settled part of a city, for more than two weeks, is sufficient to warrant the jury in finding that a municipality had, or should have had, notice of its defective condition, in an action against it by a woman to recover damages for injuries received by stepping into the box.

4. In an action to recover damages for injuries received by the plaintiff by stepping into an uncovered box in a sidewalk, it is not error for the trial court to reject a prayer for instruction offered by one of the defendants, an electric lighting company, to the effect that to find for the plaintiff not only must they find that the top of the box was removed by an employee of the company while engaged in the performance of his duty as such employee, but that he "knew or should have known that the said top had been removed and had not been restored."

5. Physical objects offered and received in evidence in a trial, but not attached to the record on appeal, cannot be considered as evidence by the appellate court.

with contributory negligence, see notes in 13 L.R.A.(N.S.) 1262, and 21 L.R.A.(N.S.) 638.

Authorities discussing the question of duration of existence of obstruction or defect in a street to charge municipality with notice thereof, see note in 20 L.R.A.(N.S.) 708.

6. One of several defendants sued jointly in an action based upon alleged negligence is entitled to a directed verdict in its favor at the close of the plaintiff's case, if there is no evidence tending to show negligence on its part, irrespective of whether the direction of such a verdict will injuriously affect its codefendants.

7. Where two or more defendants are sued jointly for a several tort, if the evidence is not sufficient to hold one, there may be a discontinuance as to that one and the trial may proceed as to the other. (Citing *Capital Traction Co.* v. *Vawter*, 37 App. D. C. 29.)

8. An objection to a declaration, based either upon the ground of misjoinder of parties or misjoinder of causes of action, must be raised at the earliest opportunity, or else it will be regarded as waived.

9. In an action against three defendants based upon negligence, where a verdict was directed in favor of one of them and there was a verdict against the other two, an objection by one of them on the ground that the tort declared on was not a joint tort and, therefore, a joint action was not maintainable against all three or any two of the defendants, comes too late when first made by motion in arrest of judgment or motion for a new trial, belated attacks on pleadings not being favored.

10. In a personal injury action against an electric lighting company and a municipality, error prejudicial to the lighting company cannot be predicated upon the fact that the trial court permitted a joint judgment against both defendants, where the jury were told that they could not return a verdict against the lighting company or the municipality unless they found that the defective condition of a sidewalk complained of was the result of the negligence of the lighting company.

No. 3020.   Submitted October 4, 1917.   Decided November 12, 1917.

HEARING on an appeal by two of three defendants from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Robert L. Williams,* Assistant, for the appellant District of Columbia.

*Mr. John S. Barbour*, for the appellant Potomac Electric Power Company, in his brief cited:

*Ahern* v. *Melvin*, 21 Pa. Super. Ct. 462; *Baltimore & O. R. Co.* v. *Savington*, 71 Md. 599, 18 Atl. 971; Bailey, Personal Injuries, 2d ed. § 795; *Bard* v. *Yohn*, 26 Pa. 482; *Barnes* v. *Snowden*, 119 Pa. 53, 12 Atl. 804; *Benedict* v. *Potts*, 88 Md. 52, 40 Atl. 1067; *Boston* v. *Coon*, 175 Mass. 283, 56 N. E. 287; *Brookville* v. *Arthurs*, 130 Pa. 501, 18 Atl. 1076; *Brown* v. *Peterson*, 25 App. D. C. 359; *C. & O. R. Co.* v. *Sparrows*, 98 Va. 630, 37 S. E. 302; *Capital Traction Co.* v. *Vawter*, 37 App. D. C. 29; *Cohen* v. *Henry Siegel Co.* — Mass. —, 107 N. E. 912; *Collins* v. *Jonesville*, 111 Wis. 348, 87 N. W. 241; *Crane* v. *Morris*, 6 Pet. 598, 8 L. ed. 514; Dicey, Parties, 230, 233, 234, 432; *District of Columbia* v. *Brewer*, 7 App. D. C. 113; *Douglass* v. *Mitchell*, 35 Pa. 443; *Dutton* v. *Lansdowne*, 198 Pa. 563, 48 Atl. 494; *Houston R. Co.* v. *Boone*, — Tex. —, 131 S. W. 616; *Howes* v. *District of Columbia*, 2 App. D. C. 188; *Re Rivkin*, 216 Fed. 218; *Jacquette* v. *Capital Traction Co.* 34 App. D. C. 41; *Johnson* v. *Brady*, — Ind. —, 109 N. E. 230; *Kelly* v. *Doody*, 116 N. Y. 275; *Kelly* v. *Jackson*, 6 Pet. 622, 8 L. ed. 523; *Kennedy* v. *Philadelphia*, 220 Pa. 273, 69 Atl. 748; *Louisville & N. R. Co.* v. *Eves*, 1 Ind. App. 224, 27 N. E. 580; *Louisville & N. R. Co.* v. *Victory*, 104 Ky. 509, 47 S. W. 440; *Langhorne* v. *Richmond R. Co.* 91 Va. 369; *Lohr* v. *Phillipsboro*, 156 Pa. 246, 27 Atl. 133; *Looney* v. *Met. R. Co.* 200 U. S. 480, 50 L. ed. 564; *McCormick Harvesting Mach. Co.* v. *Gabris*, 130 Ill. App. 624; *McDonough* v. *James Reilly Repair & Supply Co.* 93 N. Y. Supp. 222; *McGrath* v. *St. Louis Transit Co.* 197 Mo. 97, 94 S. W. 872; *McTaggert* v. *Maine C. R. Co.* — Me. —, 60 Atl. 1027; *Metropolitan R. Co.* v. *Moore*, 121 U. S. 569; *Miller* v. *Highland Ditch Co.* 87 Cal. 430, 22 Am. St. Rep. 254; *Mooney* v. *Edison Electric Illuminating Co.* 185 Mass. 547, 70 N. E. 933; *Mosheuvel* v. *District of Columbia*, 191 U. S. 170; *Mulchey* v. *Methodist Religious Soc.* 125 Mass. 487; *N. & W. R. Co.* v. *Cromer*, 99 Va. 763, 40 S. E. 54; *N. & W. R. Co.* v. *Johnson*, 103 Va. 787; *Navigation Co.* v. *Richards*, 57 Pa.

142, 98 Am. Dec. 211; *Parsons* v. *Winchell,* 5 Cush. 592, 52 Am. Dec. 745; *Parrott* v. *Wells, F. & Co.* 15 Wall. 524, 21 L. ed. 206; *Prest-O-Lite Co.* v. *Skeel,* — Ind. —, 106 N. E. 365; *Railroad Co.* v. *Locke,* 112 Ind. 404, 2 Am. St. Rep. 193; *Railway Co.* v. *Henrice,* 92 Pa. 431; *Ridley* v. *Knox,* 138 Mass. 83; *Robb* v. *Connelsville,* 137 Pa. 42, 20 Atl. 564; *Seavey* v. *Langhan,* 98 Me. 517, 57 Atl. 796; *Smith* v. *Lawrence,* 98 Me. 92, 56 Atl. 455; *Sorenson* v. *Menosha Paper Co.* 56 Wis. 338, 14 N. W. 446; *Sowell* v. *Champion,* 6 Ad. & El. 415; *State* v. *Standard Oil Co.* — Md. —, 96 Atl. 202; *Strasburger* v. *Vogel,* 103 Md. 85, 63 Atl. 202; *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358; *Swart* v. *District of Columbia,* 17 App. D. C. 407; *Washington Gaslight Co.* v. *Poore,* 3 App. D. C. 127; *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436; Whart. Neg. 421; *Yarnell* v. *Kansas City R. Co.* 113 Mo. 570; 30 Cyc. 125, 126.

*Mr. W. Gwynn Gardiner* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Cora Hemler brought suit against the Potomac Electric Power Company, Washington Gaslight Company, and the District of Columbia, alleging that she stepped into an open box in the sidewalk on Eight street, Washington, left uncovered through the negligence of the defendants, and that her foot was thereby injured without fault on her part. Each of the defendants pleaded not guilty, and issue was joined on their pleas. At the close of the evidence on behalf of plaintiff, defendants separately moved for a directed verdict. The motions of the Potomac company and the District of Columbia were overruled, and the motion of the gas company sustained on the ground that there was not sufficient evidence to show negligence on its part. Thereupon the Potomac company renewed its motion upon the theory that, the gaslight company having been discharged, there could be no proper verdict against the Potomac company. This motion was also overruled, and the action proceeded against the Potomac company and District of Columbia.

Upon the completion of all the testimony the Potomac company and the District of Columbia, by separate motions, requested the court to instruct the jury to return a verdict in their favor. These motions were denied. The case was submitted to the jury and a verdict returned for the plaintiff against both defendants. The Potomac company filed a motion in arrest of judgment and for a new trial, and the District of Columbia a motion for a new trial. All motions were denied and judgment entered upon the verdict.

It is urged by the Potomac company that the evidence as a whole is not sufficient to sustain a verdict of negligence against it, and that the plaintiff was guilty of contributory negligence. The record shows there was an uncovered box 4 or $4\frac{1}{2}$ inches in diameter located in the sidewalk in what is called a tree space about 6 or 8 inches inside of the curb, with the top slightly below the surface of the ground. The accident occurred about 10 o'clock at night. The plaintiff, Mrs. Hemler, and a woman friend, were standing on the sidewalk beside the family automobile, and Dr. Hemler, her husband, was sitting in the car, when he jokingly said to the ladies, "Crank the machine." Mrs. Hemler and her friend went into the street and attempted to do so, but failed. They returned to the walk, and as Mrs. Hemler moved towards the car for the purpose of entering it, her friend having already taken her seat therein, she stepped into the open box, caught her foot, and was thrown to the ground, sustaining the injuries complained of.

It is admitted by the evidence that shortly before the accident the Potomac company had dug a conduit about 8 inches deep and from 3 to 10 inches wide, adjoining the curb on the inside at the place of the accident, for the purpose of laying therein electric light cables. In doing this, gas and water boxes were encountered. One of the company's workmen said that when he reached the box in question he could not see the top thereof because it was covered with dirt, which he removed with a pick, but he could see, he said, the side and back of it. He denied hitting the top, but admitted striking the side with his pick. This box extended somewhat into the trench dug for the conduit. The latter was finished and covered with earth

about a fortnight before the plaintiff received her injury. A week or thereabouts after the accident, one Dawson, representing the District of Columbia, and the husband of plaintiff, dug into the loose earth surrounding the box in search for the missing cover and found buried there several pieces of iron. A witness testified that she was accustomed to pass near the box about two or three times a week, and that just before the Potomac company began work on the conduit the box was covered. She also said that, beginning just after the Potomac workmen had left, she passed by the place every day, and the box was then without a cover. Her attention was called to the box once by having stumbled into it. She never saw any cover upon the box from the time she first observed it open until the time of the accident.

This evidence tended to show at least that the box was covered just before the Potomac company commenced work on the conduit; that the cover was subsequently removed, broken, and buried in the loose earth around the box before the accident took place; that the Potomac company had dug up the earth surrounding the box in part and replaced it, and had also removed earth from the top of the box with a pick before the plaintiff's injury. There is no evidence that anyone else interfered with the box or the earth thereabouts. If the jury found these things as facts, they might then draw from them such inferences as were logically deducible. (*Looney* v. *Metropolitan R. Co.* 200 U. S. 480, 50 L. ed. 564, 26 Sup. Ct. Rep. 303, 19 Am. Neg. Rep. 627). They could have rightly inferred that the top was removed, broken, and buried in the earth by the employees of the Potomac company, and the open box left without guard to protect pedestrians rightfully using the sidewalk from stepping into it, and in so doing they would not be violating the rule against basing a presumption upon a presumption. We think, therefore, that there was sufficient evidence of negligence on the part of the Potomac company to carry the case to the jury, unless it was conclusively established that plaintiff's failure to take proper care of herself contributed to the injury.

The accident happened, as we have just stated, about 10

o'clock at night, in the month of June, when the trees were in full leaf. The uncovered box was in a tree space; hence we may assume beneath the spreading branches. There was a light on the corner of the same side of the street, but how far from the box does not appear. Some light came from the automobile to the tree space. The place was not entirely dark. Nor was the box perfectly obvious to anybody, "unless they had had their attention drawn to it." Some two weeks before the accident, plaintiff, as she was going along the street, saw the open box but "did not pay any attention to it." She might have told her husband that it was a dangerous place and ought to be fixed. Witnesses testified that she admitted after the accident that she had made such a statement to her husband. He denied any recollection of her having done so. This is all the testimony upon the subject. Was it sufficient to warrant the court in declaring as a matter of law that plaintiff should be charged with contributory negligence? Questions of fact are to be determined by the jury, but where the probative facts are undisputed, and reasonable men can draw but one conclusion therefrom, the question is one of law for the court. This is axiomatic. The Potomac company urges that, since the plaintiff admitted that about two weeks before the accident she saw the uncovered box and that she might have told her husband it was dangerous and ought to be fixed, the court should have instructed the jury that she was guilty of contributory negligence. Speaking to a similar question, the Supreme Court of the United States said: "When analyzed, the proposition comes to this,—that no person can, as a matter of law, without assuming all the risk, use the streets of a municipality where he knows of a defect therein, even although it be that in the exercise of a sound judgment, it might be deemed that with ordinary care and prudence the street could be used with safety. The result of admitting the doctrine would be to hold that all persons in making use of the public streets assumed all risks possibly to arise from every known defect or danger." The opinion continues: "Concluding as we do that the fact that the plaintiff, when she elected to descend the steps from her residence to reach the sidewalk, had knowledge of the existence of

the uncovered water box at the foot of the steps, was not alone
sufficient to charge her with contributory negligence as a mat-
ter of law, it follows that the judgment below was erroneous if
it rested upon such theory." (*Mosheuvel* v. *District of Colum-
bia,* 191 U. S. 247, 48 L. ed. 170, 24 Sup. Ct. Rep. 57, 15 Am.
Neg. Rep. 246.) Here the plaintiff was not conscious of the
existence of the defective condition at the time of the injury,
and relied upon the presumption that the sidewalk was free
from defect either in it or so near to it as to be dangerous, and
was suitable at the time for the purpose for which it was in-
tended,—the passage of pedestrians. In the *Mosheuvel Case,*
plaintiff was aware of the danger when she attempted to use
the sidewalk, yet the court said that it could not be correctly
asserted that all reasonable minds must draw the conclusion
that contributory negligence necessarily resulted as an act of
law in attempting to step over the water box to the sidewalk.
We think the rule of that case is applicable to the case at bar,
and therefore that it would have been error for the lower court
to have told the jury that plaintiff was guilty of contributory
negligence.

With respect to the motion of the District of Columbia, the
evidence shows that the uncovered box was in that condition in
one of the thickly settled portions of the city for more than two
weeks before the accident happened. This was sufficient to
warrant the jury in finding that the District had, or should have
had, notice thereof.

We now come to a discussion of the action of the court in
denying certain prayers for instructions made by the Potomac
company. It asked the court by its second request to charge
the jury in substance that, if the plaintiff knew of the location
of the box, its defective condition, that it was dangerous and
had not been repaired, the jury should find for the defendants.
This is exactly what the Supreme Court decided in the *Mosheu-
vel Case,* supra, should not be done under circumstances simi-
lar to those disclosed by the record in this case.

The next request made by the Potomac company upon which
it predicates error was one in which the court was asked to tell
the jury that, before they could find for the plaintiff, they must

be convinced that the top of the gas box mentioned in the declaration "was removed therefrom by an employee of the defendant Potomac Electric Power Company while engaged in the performance of his duty as such employee, and that he, in the exercise of due care, knew or should have known that the said top had been removed and had not been restored." If he removed the top, it was immaterial whether he knew or not that it had been restored. The duty for breach of which the Potomac company was sued rested upon it, and the company cannot escape responsibility by showing that the employee who removed the cover did not have reason to believe that it had not been restored. The obligation of the company was correctly stated to the jury by the court in these words: "Its only duty was not to carelessly break or remove the top therefrom; and unless the jury believe from a preponderance of the whole evidence in this case that the said top was actually broken or removed by an employee of the Potomac Electric Company during the course of the discharge of his duties as such employee, then their verdict should be in favor of the Potomac Electric Company." There was no error in refusing the prayer.

Another prayer said in effect that it was not the duty of the Potomac company to prove how or when or by whom the top covering the box was broken, or that it was broken by someone else than its employee, but that the burden was upon the plaintiff to show that the Potomac company broke it; and that, unless the whole evidence established this fact, the verdict must be for the defendant even though the jury might believe that the top was broken while the work of the Potomac company was in progress, and although there may not be sufficient evidence to fasten the breakage upon anyone else, and even though the jury might believe that it was possible or even probable that the top might have been broken by some employee of the Potomac Electric Power Company. This subject was fully covered by the instruction of the court quoted above, wherein the jury was told that, before it could find against the Potomac company, it must find as a matter of fact, not as a possibility or a probability, that the Potomac company was guilty of the negligence charged.

Finally it is argued that the court erred in directing a verdict in favor of the gaslight company, while at the same time overruling like motions tendered on behalf of the other defendants, and in overruling the motion of the Potomac company in arrest of judgment, based upon the ground that the causes of action stated in the declaration and as made out by the evidence did not constitute a case of joint liability. At the close of the plaintiff's case there was not a particle of evidence tending to connect the gaslight company with the accident. The Potomac company in its brief says that the pieces of iron found buried in the earth near the box had on them the letters W. G. L. C., and from this, it argues, the jury should have been permitted to infer that the box belonged to the gas company. But these pieces of iron are not attached to the record, and therefore we cannot consider them as evidence. It is also urged in this regard that, if the court had not sustained the motion eliminating the gas company when the plaintiff closed her case, the testimony of the defendants given later would have shown that the initials W. G. L. C. on the pieces of iron indicated the gas company, and that the box was its property. But the gas company, when the plaintiff rested her case, had a right to invoke the judgment of the court as to whether or not there was any evidence in the record tending to show that it was responsible for the accident, and thereupon it became the duty of the court to rule upon the question presented. There being no evidence at all against the gas company, as we have just observed above, the court was obliged to dismiss it from the case. Nor could the right of the gas company to be discharged be affected by the fact, if such it were, that its discharge might work injury to one of its codefendants. This must be obvious without further discussion. Besides, the Potomac company admits in its brief that the causes of action charged in the declaration do not constitute a case of joint liability albeit the defendants are sued jointly. There is a difference between a case in which two or more defendants are sued jointly for a several tort and one in which they are charged with a joint tort. In the former case it is the law that, if "the evidence is not sufficient to hold one, there may be a discontinuance as to that one and the trial may

proceed as to the other." (*Dutton* v. *Lansdowne,* 198 Pa. 563,
53 L.R.A. 469, 82 Am. St. Rep. 814, 48 Atl. 494; *Capital
Traction Co.* v. *Vawter,* 37 App. D. C. 29, Ann. Cas. 1912D,
1059.

Finally it is argued that the declaration is defective in that
the tort therein declared was not a joint tort, and hence a joint
action could not be maintained against all three or any two
of the defendants. This question was raised for the first time,
so far as the record discloses, by the motion in arrest of judg-
ment and for a new trial. It is a defect of form and not sub-
stance. The declaration clearly and definitely informed the
defendants of the grounds upon which the plaintiff sought to
recover judgment against them. They were willing to be tried
together for the negligence charged. It is too late after verdict
to find fault with the form of the declaration. Belated attacks
upon pleadings are not favored. In considering them courts
liberally construe the pleadings, giving the plaintiff the bene-
fit of every implication that can be drawn therefrom in his
favor. (*Baker* v. *Warner,* 231 U. S. 588, 58 L. ed. 384, 34
Sup. Ct. Rep. 175; see also *Ward* v. *Merriam,* 193 Mass. 135,
78 N. E. 745; *Hendon* v. *North Carolina R. Co.* 127 N. C.
110, 37 S. E. 155; *Hofheimer* v. *Campbell,* 59 N. Y. 269;
*United States* v. *Lee Yen Tai,* 51 C. C. A. 299, 113 Fed. 465.)
Whether the complaint now made by the Potomac company is
placed upon the ground that there was a misjoinder of parties
or a misjoinder of causes of action, it is the rule that objections
upon that score must be raised at the earliest opportunity or
else they will be regarded as waived. (*Latham* v. *McGinnis,*
29 Ill. App. 152; *Hudson* v. *Wright,* 204 Mo. 412, 103 S. W.
8; *Helmuth* v. *Bell,* 150 Ill. 263, 37 N. E. 230.

The Potomac company cites *Mooney* v. *Edison Electric Il-
luminating Co.* 185 Mass. 547, 70 N. E. 933, 16 Am. Neg.
Rep. 360, and *Dutton* v. *Lansdowne,* 198 Pa. 563, 53 L.R.A.
469, 82 Am. St. Rep. 814, 48 Atl. 484, and quotes from them
at large in support of its argument. In the *Mooney Case* the
question was raised by demurrer and in the *Dutton Case* the
declaration was for a joint tort. Here the declaration, as con-
strued by appellant, is not for a joint tort, but for a several

one.  This distinction is well brought out in the *Dutton Case,* where it is said: "If two defendants be sued *jointly* for a tort and the evidence is not sufficient to hold one, there may be a discontinuance as to that one and the trial may proceed as to the other,  *  *  *  but where the declaration is for a joint tort and the case goes to the jury as against both defendants, if under such circumstances the evidence fails to show that the defendants were joint tort-feasors it is error to permit a recovery against one or both."  There is nothing in either of the cases to support the argument based upon them by the appellant.  Moreover, the Potomac company was not prejudiced in any way by the action of the court in permitting a joint verdict against it and the District of Columbia; for by the instructions under which the case was submitted to the jury they were told that they could not return a verdict against the Potomac company and the District unless they found that the defective condition complained of was the result of the negligence of the Potomac company.  The negligence of the Potomac company was treated as primary; that of the District as secondary.  Until the one was found, the other could not be.  In view of this, the rights of the Potomac company were in no way impaired by the fact that the jury also found that the District was responsible to the plaintiff.  This disposes of all questions raised by the Potomac company.

The District of Columbia adopted the brief and argument of the Potomac company with respect to the points which we have considered, and urged nothing in addition.  Since we have held that none of those points was well taken as to the Potomac company, the same ruling follows with respect to the District of Columbia.  There is no error in the record, and the case is affirmed, with costs.                    *Affirmed.*