## MERTZ, EXECUTOR *v.* BAUMAN ET AL.

[No. 17,950. Filed January 24, 1950. Rehearing denied February 24, 1950. Transfer denied April 5, 1950.]

*Porter D. Crowell,* of Kendallville, for appellant.

*Mountz & Mountz,* of Garrett, for appellees.

DRAPER, C. J.—George Bauman, who died testate on April 30, 1947, was the father of Martin J. Bauman and Henry W. Bauman. On January 20, 1939, he conveyed 160 acres of land to his two sons by a deed which contained the following provision: "The grantor above named expressly reserves to himself the use, possession and control of the above described real estate during his natural life."

Henry died in 1941 leaving a widow and four sons, all of whom survived George. Martin also survived

George. On the death of George on April 30, 1947, Henry's widow, her four sons, and Martin became the owners of the real estate.

In 1946 George had cut and sold some timber from the farm. Most of the proceeds reached the hands of the appellant, who is the executor of his will. Those who became the owners of the land when George died joined in a claim against his estate to recover that portion of the proceeds of the sale of the timber which had reached the hands of the executor.

The court found for the claimants on their claim; further found the amount due each separate claimant; and rendered a judgment to the effect that each claimant should have and recover the amount found due him. In the case of Henry's four sons, the amount was $44.83 each.

The appellees say the court rendered six separate judgments, four of which were for less than $50; that this court, therefore, has no jurisdiction of the four cases (See Burns' 1946 Replacement, § 4-211) and has no jurisdiction of the other two cases because the motion for new trial was a general motion.

There was only one case. Only one judgment was rendered. It required the appellant to pay the sum of $537.98 to the claimants. The judgment was complete without that part which attempted to apportion the amount among the claimants, and that part will be regarded as surplusage. *Helmuth* v. *Bell, et al.* (1894), 150 Ill. 263, 37 N. E. 230. Cf. *Limeberry* v. *State* (1945), 223 Ind. 622, 63 N. E. 2d 697. This court, therefore, has jurisdiction of this appeal.

The appellant insists the appellees' claim is one for waste under Burns' 1946 Replacement, § 2-503. The appellees say the recovery must be upheld upon any one of a number of theories. In the view we take of the

case the question of theory is unimportant, for it seems to us no recovery can be sustained on any theory unless the evidence discloses that the removal and sale of the timber was wrongful.

The evidence shows that George cut and sold the timber in 1946 and received $677.20 in cash. With part of it he improved the property, and he intended to spend the balance for a tombstone and for further improvements to the property. It is uncontradicted that the piece from which the timber was cut was in the forestry conservation program and had been under state forestry supervision for many years. Previous to 1946 George had sold timber "whenever it got ripe to sell." It was inspected each year and "they would tell you when the trees were ready to cut and what should be cut so that the small timber would have a chance to grow." In 1946 a representative went out there and indicated the trees to cut. The ones to be cut were ready to be cut. They were either damaging the small timber or dying.

There is no evidence whatever from which it could be gathered that the cutting of the timber lessened the value of the inheritance. The evidence tends to show the existence of a timber estate—one kept and cultivated for the production of saleable timber. There is no evidence to the contrary. Timber so produced is a part of the annual profits of the estate, and goes to the life tenant. 33 Am. Jur., Life Estates, Remainders, Etc., § 323, p. 825.

It appears that the decedent intended to use part of the money from the sale of the timber to improve a driveway on the premises, but he died before he could do so. The appellant says the executor therefore holds all the money in trust for the use and benefit of the claimants. The appellees cite

no authority or reason for so holding and we know of none.

Judgment reversed and cause remanded with instructions to grant motion for new trial.

NOTE.—Reported in 89 N. E. 2d 718.